No. 85-75

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN THE MATTER OF THE PETITION
OF PAUL J. BURNHAM,

Petitioner.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Barbara Claassen, Asst. Atty. General, Helena
Craig R. Buehler, Fergus County Attorney, Lewistown,
Montana

For Respondent:

Torger S. Oaas, Lewistown, Montana

Submitted on Briefs: May 30, 1985

Decided: September 10, 1985

Filed: SEP 10 1985

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the State of Montana from an order of the District Court, Tenth Judicial District, Fergus County. We reverse. The facts are as follows.

On November 3, 1984, respondent Paul J. Burnham was arrested for driving under the influence of alcohol. At the time of his arrest he refused to submit to a breath test to determine the level of his intoxication. Upon receipt of a sworn report by the arresting officer indicating the respondent's refusal, the Motor Vehicle Division of the Department of Justice, in accordance with § 61-8-403, MCA notified respondent in a letter dated November 14, 1984, that his driver's license was suspended pursuant to § 61-8-402, MCA, Montana's implied consent statute. The letter indicated that for a first refusal to submit to a breath test § 61-8-402(5)(a), MCA, mandates "a suspension of 90 days with no provision for a restricted probationary license." Respondent's license was suspended for the period November 6, 1984 to February 3, 1985.

On November 15, 1984, respondent pled guilty to the offense of driving under the influence of alcohol or drugs (DUI), in violation of § 61-8-401, MCA. Section 61-5-208(2), MCA, provides that a person convicted of a first offense DUI is to have his license suspended for six months. However, § 61-11-101(2), MCA, provides that, upon the recommendation of the court with jurisdiction over the offense, the Division of Motor Vehicles "shall issue a restricted probationary license unless the person otherwise is not entitled to a Montana operator's or chauffeur's license."

Thereafter, on November 26, 1984, Burnham filed a petition pursuant to § 61-8-403, MCA, with the District Court, Fergus County. The purpose of the petition was to procure a probationary license needed for his employment. On December 7, 1984 the District Court issued the following order:

> The petition in the above entitled matter having come before the court pursuant to proper notice under 61-8-403 M.C.A. and the court being advised that petitioner, in fact, pled guilty to a violation of 61-8-401 M.C.A. within a week of initially refusing to take a breath test; it is hereby ordered under 61-8-401 M.C.A. that petitioner's plea of guilty constitutes a withdrawal of his refusal to take a breath test under 61-8-403 M.C.A.

The Motor Vehicle Division filed a motion for rehearing of this matter on December 14, 1984, pursuant to Rule 60(b), M.R.Civ.P., on the basis that the Division should be relieved from the order. The motion was not ruled on and therefore was deemed denied after 45 days from its filing in accordance with Rule 60(c), M.R.Civ.P. The Motor Vehicle Division appeals the denial of its motion for rehearing and requests relief from the December 7, 1984, order of the District Court.

Before considering the substantive issue of this appeal we direct our attention to several procedural issues raised by Burnham.

First, Burnham argues that because the Motor Vehicle Division failed to file an undertaking for costs on appeal as required by Rule 6, M.R.App.Civ.P., this appeal should be dismissed under Rule 4 M.R.App.Civ.P. He has failed to notice, however, that § 25-1-402, MCA, specifically exempts a governmental entity, the Motor Vehicle Division in this case,

3

from the requirement to file an undertaking. Second, he seeks the dismissal of this appeal as not being timely filed. He argues that the time for filing of notice of appeal expired 30 days after the December 7, 1984, order was filed. However, we consider this only a 60(b) motion. The full time for appeal then commences to run upon the granting or denying of the motion to alter or amend the judgment.

It is true, as Burnham contends, that the State was not as careful as it should have been in making its motion of December 14, 1984. In the first place the motion was mistitled. The State obviously was making a Rule 60(b), M.R.Civ.P. motion for relief from the order of December 7, 1984, and was asking for a rehearing to present its argument. The request for a rehearing was tangential to the real purpose of the motion. Further, the State failed to identify the statutory basis for its motion until its notice of appeal filed on February 19, 1985. However, despite these defects, the State did identify with particularity the grounds for its motion and the relief sought. Therefore the State complied with Rule 7(b), M.R.Civ.P. Whatever flaws there may be in the State's motion are not grounds for dismissal of this appeal.

Finally, Burnham argues for dismissal because of an alleged failure of the State to object to the December 7, 1984 order. Rule 2, M.R.App.Civ.P., states:

> Upon appeal from a judgment, the court may review the verdict or decision, and any intermediate order or decision excepted or objected to within the meaning of Rule 46 of the Montana Rules of Civil Procedure, which involves the merits, or necessarily affects the judgment, except a decision or order from which an appeal might have been taken.

Rule 46, M.R.Civ.P., states:

4

> Formal exceptions to rulings, orders, or
> findings of the court are unnecessary;
> but for all purposes it is sufficient
> that a party, at the time the ruling or
> order of the court is made or sought,
> makes known to the court the action which
> he desires the court to take, or his
> objection to the action of the court and
> his grounds therefor; and, if a party has
> no opportunity to object to a ruling or
> order at the time it is made, the absence
> of an objection does not thereafter
> prejudice him.

The hearing on the petition filed by respondent was held in the judge's chambers. There was no transcript made of the hearing. We know from a minute entry of the court that Burnham and attorneys for the State were present and presumably advanced their respective positions. We do not know if the court made its ruling immediately upon close of arguments so we do not know if the State's counsel had opportunity to make an immediate objection. We presume that if State's counsel had the opportunity to object he did so. Absent that opportunity, as Rule 46 M.R.Civ.P. provides, the State obviously is not prejudiced by failing to object; but in any event the State objected by filing a motion for rehearing in the District Court. The scant record in this case does not indicate a violation by the State of the above quoted rules and reveals no basis whatsoever for a dismissal of this appeal.

The substantive issue presented is whether the District Court properly ordered that Burnham's plea of guilty to the offense of driving under the influence of alcohol or drugs constituted a withdrawal of his refusal to take a breath test under Montana's implied consent statute. Since we find that there is no connection between § 61-8-401, MCA, (prohibiting the operation of a motor vehicle while under the influence of alcohol or drugs) and § 61-8-402, MCA, (requiring consent to

5

a chemical test to determine blood alcohol content) the order of the District Court is reversed. Section 61-8-402 provides in pertinent part as follows:

> (1) Any person who operates a motor vehicle upon ways of this state open to the public shall be deemed to have given consent, subject to the provisions of 61-8-401, to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested by a peace officer for driving or in actual physical control of a motor vehicle while under the influence of alcohol. The test shall be administered at the direction of a peace officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon ways of this state open to the public while under the influence of alcohol. The arresting officer may designate which one of the aforesaid tests shall be administered.
>
> . . .
>
> (3) If a resident driver under arrest refuses upon the request of a peace officer to submit to a chemical test designated by the arresting officer as provided in subsection (1) of this section, none shall be given, but the officer shall, on behalf of the division, immediately seize his driver's license. The peace officer shall forward the license to the division, along with a sworn report that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon ways of this state open to the public, while under the influence of alcohol and that the person had refused to submit to the test upon the request of the peace officer. Upon receipt of the report, the division shall suspend the license for the period provided in subsection (5).
>
> . . .
>
> (5) The following suspension and revocation periods are applicable upon refusal to submit to a chemical test:
>
> (a) upon a first refusal, a suspension of 90 days with no provision for a restricted probationary license;

6

We have held on several occasions that the revocation of a driver's license is a civil sanction, not a criminal penalty. State ex rel. Majerus v. Carter (Mont. 1984), 693 P.2d 501, 41 St.Rep. 2468; State ex rel Griffith v. Brasthern (Mont. 1983), 658 P.2d 410, 40 St.Rep. 194; In re France (1966), 147 Mont. 283, 411 P.2d 732. This is evident from a reading of § 61-8-401, MCA, which states that the punishment for driving under the influence of alcohol or drugs is provided for in § 61-8-714, MCA; § 61-8-714, MCA, makes no provision for the revocation of a driver's license. This is the basis for our past findings that the purpose for the suspension of a driver's license is not punishment but is the protection of the public. See Brusthern and France, supra.

Other courts have considered implied consent statutes similar to ours and have distinguished them from criminal statutes that proscribe driving under the influence of alcohol or drugs. The Oklahoma Supreme Court has stated "the well recognized rule . . . that the acquittal of a defendant in the criminal matter on the charge of driving under the influence of intoxicating liquor is not a bar to the suspension of the driver's license and that such finding has no bearing on the civil proceedings revoking his driver's license under the Implied Consent Statutes." Marquardt v. Webb (Okla. 1976), 545 P.2d 769, 772. In an earlier case the same court stated:

> The implied consent law is not a criminal proceeding. It is a civil administrative proceeding separate and distinct from the criminal action on a charge of driving while intoxicated. Each proceeds independently of the other . . . The fact that in the criminal proceedings the driver is not proven beyond a reasonable doubt to have been driving while intoxicated has no bearing on civil proceedings under the implied consent

7

> statutes revoking his driver's license
> for refusal to submit to a chemical test.

Robertson v. State ex rel. Lester (Okla. 1972), 501 P.2d 1099, 1103. Similarly, the Supreme Court of Minnesota has stated that:

> [r]evocation under the implied-consent law is essentially civil in nature . . . It is imposed administratively by the commissioner of public safety regardless of the outcome of the criminal proceeding arising out of the same incident and is triggered by the refusal to submit to chemical testing.

State Dept. of Public Safety v. Mulvihill (Minn. 1975), 227 N.W.2d 813, 818. Also the Supreme Judicial Court of Maine, responding to a series of questions from the Maine legislature, found that it would be proper for that state to adopt a law suspending a person's license for refusing to submit to a chemical test to determine blood alcohol level. The suspension would be valid "whether or not the person is subsequently convicted of the offense charged." Opinion of the Court (Me. 1969), 255 A.2d 643, 649. Finally, the Missouri Court of Appeals has stated:

> The purpose of [the implied consent law], which authorizes license revocation, is to protect the public, not to punish the licensee. [Citation omitted.] For even though a driver may be acquitted of the criminal charge of operation of a vehicle while intoxicated, his license nevertheless may be revoked for failure to submit to the test. The operation of a motor vehicle while intoxicated may give rise to two proceedings, one criminal or quasi-criminal [breach of statute or ordinance], and the other civil [revocation of licence]--each proceeding independent of the other.

Tolen v. Missouri Department of Revenue (Mo.App. 1978), 564 S.W.2d 601, 602.

We agree with our sister jurisdictions that have considered this matter. Respondent's refusal to submit to a

chemical test is an issue separate and distinct from whether or not he was guilty of DUI. There is no question that respondent refused to take the breath test requested by the officer. Section 61-8-402, MCA is very clear that the officer was required to make a sworn report and the Division was required to suspend respondent's license for 90 days (since it was a first refusal) with no possibility of a probationary license. There is nothing in this section, or any other section of the code, that allows a withdrawal of a refusal to submit to a chemical test. The fact that Burnham pled guilty to DUI and faced a penalty for that offense is unrelated to his refusal to take a chemical test and the sanction imposed therefor.

Respondent writes in his brief:

> [I]t is hard to understand why the State has appealed. Apparently it is attempting to obtain a ruling that would, in effect, make it possible for the Department of Justice, Motor Vehicle division to get a suspension of drivers [sic] license for 90 days plus six months if one refused to take a breath test and is convicted of driving under the influence.

First, we assume that the State has appealed in order to protect the integrity of the implied consent statute, the purpose of which is to aid in the battle against drunk driving. Second, Burnham has run afoul of two statutes, both of which provide for the suspension of his driver's license. Section 61-5-208(2), MCA, provides that a person guilty of first offense DUI, as Burnham was in this case, is to have his license suspended for six months but can, pursuant to § 61-11-101(2), receive a restricted probationary license on the recommendation of the sentencing court. As noted, refusal to give consent under the implied consent statutes

results in a 90 day suspension with no provision for a probationary license. A violation of both the DUI statutes and the implied consent statute means that the suspensions run concurrently. In this case Burnham should not have been eligible for a probationary license until the 90 day implied consent suspension had been completed.

We hold that the District Court order of December 7, 1984 was in error and the suspension of respondent's driver's license is hereby reinstated for the balance of the 90 day period as provided in § 61-8-402, MCA.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10