NO.   95-508

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

TIMOTHY D. SUPOLA,

     Petitioner and Appellant,

  v.

MONTANA DEPARTMENT OF JUSTICE
DRIVERS LICENSE BUREAU,

     Respondent and Respondent.

FILED

OCT 18 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Maurice R. Colberg, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     Bryan C. Tipp, Tipp and Buley, Missoula, Montana

     For Respondent:

     Joseph P. Mazurek, Attorney General, Micheal S.
Wellenstein, Assistant Attorney General, Helena,
Montana; Alan J. Hall, Deputy City Attorney,
Billings, Montana


Submitted on Briefs:   August 22, 1996

Decided:   October 18, 1996

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant Timothy D. Supola (Supola) appeals the order of the Thirteenth Judicial District Court, Yellowstone County, concluding that he was not entitled to a jury trial on his petition to challenge the suspension of his driver's license.

Affirmed.

On February 13, 1995, Supola was arrested for driving under the influence of alcohol. Following his arrest, Supola refused to submit to a breath test to determine the level of his intoxication. Because of this refusal, Supola's driver's license was automatically suspended pursuant to § 61-8-402 (3), MCA, the implied consent law.

Supola subsequently filed a petition in the District Court challenging the validity of the license suspension. He also requested that the matter be heard by a jury. The District Court denied his request for a jury trial, concluding that Supola was not constitutionally entitled to a jury in a proceeding to challenge the suspension of his driver's license. Supola appeals.

The sole question presented on appeal is whether the District Court erred in concluding that Supola was not entitled to a jury trial on his petition challenging the § 61-8-402 (3), MCA, automatic suspension of his driver's license.

It is a question of law whether an individual is entitled to a trial by jury. In re Matter of C.L.A. and J.A. (1984), 211 Mont. 393, 395, 685 P.2d 931, 933. This Court reviews a district court's conclusions of law de novo, to determine whether they are correct.

Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (citing Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601).

Supola first argues that the statute which provides for an appeal from a driver's license suspension does not, by its terms, prohibit a trial by jury and that, therefore, he should be allowed to have a jury trial if he so chooses. The pertinent statute, § 61-8-403, MCA, provides in part:

> (1) Within 30 days after notice of the right to a <u>hearing</u> has been given by a peace officer, a person may file a petition to challenge the license suspension or revocation in the district court in the county where the person resides or in 'the county where the arrest was made.
> (2) <u>The court</u> has jurisdiction and shall set the matter for hearing. . .
> (3) Upon request of the petitioner, <u>the court</u> may order the department to return the seized license or issue a stay of the suspension or revocation action pending the hearing.
> (4) (a) <u>The court</u> shall take testimony and examine the facts of the case .
> (b) <u>The court</u> shall determine whether the petitioner is entitled to a license or whether the petitioner's license is subject to suspension or revocation.

(Emphasis added.)

When construing a statute, "the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. When a statute is "plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe." Curtis v. Dist. Court of the Twenty-first Judicial Dist. (1994), 266 Mont. 231,

3

235, 879 P.2d 1164, 1166 (quoting State v. Hubbard (1982), 200 Mont. 106, 111, 649 P.2d 1331, 1333).

The plain language of § 61-E-403, MCA, dictates that the court shall both examine the facts and determine the merits of the petition. The statute does not contemplate the role of a jury in such a hearing; rather, it presumes a jury will <u>not</u> be present and assigns to the court the task of determining both facts and law. No other interpretation is possible from a plain reading of the statute. We therefore conclude that § 61-s-403, MCA, does not provide for a jury trial.

Supola next argues that § 61-8-403, MCA, as interpreted, violates his constitutional right to a trial by jury. Article II, Section 26 of the Montana Constitution provides:

> The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury or before fewer than the number of jurors provided by law. In all civil actions, two-thirds of the jury may render a verdict, and a verdict so rendered shall have the same force and effect as if all had concurred therein. In all criminal actions, the verdict shall be unanimous.

Supola contends that this section provides a right to a jury trial in all controversies, including a hearing regarding the propriety of his driver's license suspension. We disagree.

The inviolate right to a jury trial is not a prospective one, automatically granted in every new proceeding which may arise. Rather, the right which is constitutionally preserved is that right to a jury trial which existed at the time the constitution was enacted. In other words, "the rule in Montana is that our state

4

constitution only guarantees the right to a jury trial in the class of cases in which the right was enjoyed when the constitution was adopted." Matter of C.L.A., 685 P.2d at 933 (citations omitted).

There is not, and never has been, a right to a jury trial in purely equitable actions in Montana. Downs v. Smyk (1982), 200 Mont. 334, 341, 651 P.2d 1238, 1242. In fact, an attempt was made during the 1972 constitutional convention to extend the right to a jury trial to actions in equity, but this attempt failed. Therefore, "in equity cases, the judge may call a jury to his assistance if he chooses, but is not bound to do so." Downs, 651 P.2d at 1242 (quoting Little v. Mackel (1968), 151 Mont. 421, 425, 443 P.2d 891, 893-94).

Suspension or revocation of a driver's license pursuant to the implied consent law is a civil administrative sanction, not a **criminal** penalty. In re Petition of Burnham (1985), 217 Mont. 513, 518, 705 P.2d 603, 607. It is not intended to punish the driver, but to protect the public. Burnham, 705 P.2d at 607 (citing Griffith v. Brustkern (1983), 202 Mont. 438, 658 P.2d 410; In the Matter of France (1966), 147 Mont. 283, 411 P.2d 732). The hearing to determine the propriety of the driver's license suspension is an action in equity because compensatory or punitive damages, the traditional relief afforded by a court of law, are not permitted. Instead, the only possible relief is the reinstatement of the driver's license and the consequent resumption of driving privileges. Because the hearing is an action at equity, no right to a trial by jury exists and the hearing is not subject to the

5

constitutional protections afforded by Article II, Section 26 of the Montana Constitution.

We are careful, however, to distinguish this purely equitable matter from other controversies which might involve both issues of equity and of law. In such cases, the presence of a legal question may serve to trigger the parties' right to a jury trial even though equitable questions are also presented. See, for example, Gray v. City of Billings (1984), 213 Mont. 6, 689 P.2d 268. In Gray, this Court held:

> where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to equitable ones or by a court trial of a common issue between the claims.

Gray, 689 P.2d at 272 (quoting Ross v. Bernhard (1970), 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729). Conversely, in the case at bar the issue presented and the possible relief afforded are purely equitable.

But Supola argues that the suspension hearing is not a purely equitable action because his driver's license cannot be returned to him unless and until he pays a $100 reinstatement fee. Section 61-2-107, MCA. He contends that this fee constitutes a punishment of the driver, which in turn converts the equitable action into a legal one and triggers his right to a jury trial.

Supola argues that the reinstatement fee is a punishment but at the same time concedes that, under Burnham, the suspension itself is not. He draws this distinction on the grounds that the reinstatement fee does nothing to protect the public, while

protection of the public is the rationale underlying the suspension itself. Again, Supola misconstrues the plain language of the statute.

Section 61-2-107(1), MCA, provides:

**License reinstatement fee to fund county drinking and driving prevention programs.** Notwithstanding the provisions of any other law of the state, a driver's license that has been suspended or revoked under 61-5-205 or 61-8-402 must remain suspended or revoked until the driver has paid to the department a fee of $100 in addition to any other fines, forfeitures, and penalties assessed as a result of conviction for a violation of the traffic laws of the state.

The stated purpose of this statute, as articulated in its title, is "to fund county drinking and driving prevention programs," not to punish the driver. Drinking and driving prevention programs have the obvious effect of protecting the public by increasing public awareness of the dangers of drunk driving. Suspension of the license pursuant to § 61-e-402, MCA, is a civil sanction, Burnham, 705 P.2d at 607, and so is payment of the reinstatement fee required by § 61-z-107, MCA. Neither constitutes a criminal penalty and neither will serve to convert the suspension hearing from a proceeding at equity to a proceeding at law.

For these reasons, we hold that a driver is not entitled to a jury in a proceeding to determine the propriety of an automatic driver's license suspension imposed pursuant to § 61-8-402(3), MCA. The decision of the District Court is affirmed.

_William E. Hunt_
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

October 18, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Bryan C. Tipp
Tipp & Buley
2200 Brooks, Box 3778
Missoula MT  59806-3778

Alan J. Hall
Deputy City Attorney
Box 1178
Billings MT  59103-1178

Hon. Joseph P. Mazurek, Attorney General
Micheal S. Wellenstein, Assistant Attorney General
215 N. Sanders
Helena MT  59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy