No. 92-124

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

PATRICK F. MANEY,

     Petitioner and Appellant,

-vs-

STATE OF MONTANA,

     Respondent and Respondent.



FILED

NOV 23 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable John Warner, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Robert C. Melcher, Morrison, Young, Melcher, Brown
& Richardson, Havre, Montana

     For Respondent:

          Hon. Marc Racicot, Attorney General,
Patricia J. Jordan, Assistant Attorney General,
Helena, Montana
David G. Rice, County Attorney, Patricia Jensen,
Deputy, Havre, Montana


               Submitted on Briefs:  August 20, 1992

                      Decided:  November 23, 1992

Filed:

_____
             Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Petitioner, Patrick F. Maney, appeals from the Twelfth Judicial District Court, Hill County, order denying reinstatement of his driver's license. We affirm.

The issues on appeal are:

1.   Whether in making a lawful citizen's arrest, a peace officer acting outside the officer's territorial jurisdiction must transfer custody to another officer who has jurisdiction.

2.   Whether the implied consent statutes apply when the arresting officer makes a lawful citizen's arrest outside the officer's territorial jurisdiction.

On October 11, 1991, Chinook City Police Officer Tim Gomke saw an approaching vehicle make a sudden lateral movement and flash its lights. Officer Gomke clocked the vehicle at 31 mph in a 40 mph zone. As the vehicle passed the officer, he recognized it as one he had seen at a local bar two hours earlier. He had run a registration check on the vehicle at that time.

Officer Gomke, believing that the driver had a revoked license, followed the vehicle out of the Chinook city limits for about three and one-half miles. He observed the vehicle traveling too slowly and swerving from the centerline to the fogline. Officer Gomke testified that he suspected the driver was impaired by alcohol and realized he should get the vehicle off the road immediately. The officer activated his emergency lights after he radioed for backup. The vehicle did not stop promptly, rather it

2

proceeded for about a mile before it pulled over. The driver was identified as Patrick F. Maney.

Because Maney's breath smelled of alcoholic beverage, Officer Gomke required him to perform field sobriety maneuvers. Meanwhile, Blaine County Deputy Sheriff Shawn Kovacich had arrived on the scene. He witnessed Maney's performance of the sobriety maneuvers. Deputy Kovacich and Officer Gomke agreed that Maney was impaired by alcohol so Officer Gomke arrested Maney. Immediately after the arrest, Officer Gomke radioed to the dispatcher at the Blaine County sheriff's office that he had a D.U.I. suspect in custody. Officer Gomke then transported Maney to the sheriff's office in Chinook. Deputy Kovacich followed.

At the sheriff's office, Officer Gomke re-administered sobriety tests to Maney while Deputy Kovacich observed. The sobriety tests again showed that Maney was alcohol impaired. Maney refused Officer Gomke's request to submit to a breathalyzer test. Officer Gomke, therefore, confiscated Maney's driver's license and the State suspended the license as prescribed by the implied consent statute § 61-8-402, MCA.

Maney petitioned the State to restore his license pursuant to § 61-8-403, MCA. This appeal follows the District Court's denial of the petition.

Our standard of review of a district court's conclusions of law is plenary and we determine whether the district court's conclusions are correct. Steer, Inc. v. Dept. of Revenue (1990),

245 Mont. 470, 474, 803 P.2d 601, 603.

Judicial review of the propriety of the suspension of a driver's license is limited to the following:

> (1) whether the arresting officer had <u>reasonable grounds to believe</u> the following:
>> (a) that the petitioner had been driving or was in actual physical control of a vehicle;
>> (b) that the vehicle was on a way of this state open to the public; and
>> (c) that the petitioner was under the influence of alcohol;
>> (2) whether the individual was placed under arrest; and
>> (3) whether the individual refused to submit to a chemical test.

Gebhardt v. State (1989), 238 Mont. 90, 95, 775 P.2d 1261, 1265.

In the present case, the District Court found that Officer Gomke had reasonable grounds to stop petitioner's vehicle. The court also found that after Officer Gomke and Deputy Kovacich observed petitioner they had reasonable grounds to believe he was intoxicated. There is no doubt that petitioner was in control of his vehicle on a public way. Further, there is no doubt that he refused to submit to a chemical test. Therefore, if Officer Gomke placed petitioner under lawful arrest and if the implied consent law applies in this circumstance, then the suspension of petitioner's driving privileges must be upheld.

I

To make a lawful citizen's arrest, must a peace officer acting outside the officer's territorial jurisdiction transfer custody to another officer who has jurisdiction?

In Montana, as in most states, a peace officer may lawfully

4

make an arrest outside of the officer's jurisdiction if a private citizen could have made a lawful arrest under the circumstances. State v. McDole (1987), 226 Mont. 169, 172, 734 P.2d 683, 685. In this case, the stop occurred approximately four and one-half miles outside Chinook's city limits. Officer Gomke could, therefore, make a lawful arrest by following the requirements for a citizen's arrest.

In 1991 the legislature revised the citizen's arrest statute to read as follows:

> (1) A private person may arrest another when there is probable cause to believe that the person is committing or has committed an offense and the existing circumstances require the person's immediate arrest.
> (2) A private person making an arrest shall immediately notify the nearest available law enforcement agency or peace officer and give custody of the person arrested to the officer or agency.

Section 46-6-502, MCA.

The validity of the stop and Officer Gomke's authority to make a citizen's arrest are not contested in the present case. Petitioner contends that his arrest was unlawful because Officer Gomke did not transfer custody of petitioner to another officer. We hold that, under the circumstances, Officer Gomke did not have to transfer custody to effectuate a valid citizen's arrest.

Section 46-6-502(2), MCA, requires that a person making a citizen's arrest immediately notify either the nearest available law enforcement agency or peace officer. Officer Gomke chose to notify the nearest law enforcement agency--the Blaine County sheriff's office in Chinook.

5

As required by § 46-6-502(2), MCA, Officer Gomke radioed the Blaine County dispatcher immediately after making the arrest. Officer Gomke promptly transported petitioner to the Blaine County sheriff's office for booking. As soon as Officer Gomke entered the Chinook city limits he was within his jurisdiction and it would make no sense to require Officer Gomke to transfer his prisoner to another officer who also had jurisdiction.

Officer Gomke was a peace officer with jurisdiction in the city of Chinook. The Blaine County sheriff's department is in Chinook. Officer Gomke notified the sheriff's department and promptly transported his prisoner to the sheriff's department. He therefore did not need to formally transfer custody to a deputy sheriff to make a lawful citizen's arrest.

II

Do the implied consent statutes apply when the arresting officer made a lawful citizen's arrest outside the officer's territorial jurisdiction?

Suspension or revocation of a driver's license pursuant to the implied consent statute is a civil administrative sanction, not a criminal penalty. Petition of Burnham (1985), 217 Mont. 513, 518, 705 P.2d 603, 607 (citing cases). The purpose of suspending a person's driving privileges is not punishment, rather it is to protect the unsuspecting public. In re France (1966), 147 Mont. 283, 288, 411 P.2d 732, 734; Blake v. State (1987), 226 Mont. 193, 197, 735 P.2d 262, 264. The court should not interpret a statute

6

so as to defeat its purpose, rather it should achieve the social purpose for which the statute was enacted. Montana Talc Co. v. Cyprus Mines Corp. (1987), 229 Mont. 491, 498, 748 P.2d 444, 449. This conforms to § 1-2-103, MCA, which provides that statutes "are to be liberally construed with a view to effect their objects and to promote justice."

The implied consent statute, § 61-8-402, MCA, states:

> (1) Any person who operates or is in actual physical control of a vehicle upon ways of this state open to the public shall be deemed to have given consent . . . to a test of his blood, breath, or urine for the purpose of determining any measured amount or detected presence of alcohol in his body _if arrested by a peace officer_ for driving or for being in actual physical control of a vehicle while under the influence of alcohol . . . . _The test shall be administered at the direction of a peace officer_ having reasonable grounds to believe the person to have been driving or in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol . . . . The arresting officer may designate which test or tests shall be administered.

> \* \* \* \*

> (3) _If a driver under arrest refuses upon the request of a peace officer_ to submit to a test designated by the arresting officer as provided in subsection (1), none shall be given, but the officer shall, on behalf of the department, immediately seize his driver's license. (Emphasis added.)

> \* \* \* \*

Section 61-8-402, MCA.

Petitioner contends that the implied consent statute requires an arrest by a peace officer and that a peace officer request the suspect to submit to a chemical test. We agree.

Petitioner further contends that Officer Gomke lost his status

7

as a peace officer when he made a citizen's arrest outside of his territorial jurisdiction. We disagree.

A peace officer is "any person who by virtue of the person's office or public employment is vested by law with a duty to maintain public order and make arrests for offenses while acting within the scope of the person's authority." Section 46-1-202(17), MCA. A person who is employed as a law enforcement officer falls within this definition even when outside the geographical area in which the officer has jurisdiction. A person is a peace officer by virtue of holding the particular job.

A law enforcement officer is in fact still a peace officer even when making an arrest under authority of the citizen's arrest statute. Montana's implied consent statute makes no reference to the jurisdiction of the arresting officer. It merely requires an arrest by a peace officer.

Once Officer Gomke left his jurisdiction he could make arrests only as a private person. To sustain the suspension of a driver's license, however, it makes no difference that Officer Gomke acted under the authority granted to a citizen when making the arrest because he was a peace officer in fact.

Officer Gomke, a peace officer, lawfully arrested petitioner and requested that he take a breathalyzer test. Therefore, the implied consent statute applies in this case. As required by § 61-

8

8-403, MCA, and case law, the State proved that: (1) a peace officer had reasonable grounds to believe petitioner was driving under the influence of alcohol, (2) a peace officer placed petitioner under lawful arrest, (3) petitioner refused a peace officer's request to take an alcohol detecting test. See Matter of Suspension of Driver's License of Blake (1986), 220 Mont. 27, 31, 712 P.2d 1338, 1341.

The District Court, therefore, properly sustained the revocation of petitioner's driving privileges. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

9

November 23, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Robert C. Melcher
Morrison, Young, Melcher, Brown & Richardson
P.O. Box 1070
Havre, MT  59501

Hon. Marc Racicot, Attorney General
Patricia J. Jordan, Assistant
215 N. Sanders,  Justice Bldg.
Helena, MT  59620

David G. Rice, County Attorney
Patricia Jensen, Deputy
P.O. Box 912
Havre, MT  59501


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy