Nos. 94-097 and 94-107

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

FRANKLIN T. CURTIS,

      Petitioner,

  -vs-

DISTRICT COURT OF THE TWENTY-FIRST JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND FOR
THE COUNTY OF RAVALLI, and THE HONORABLE
JEFFREY LANGTON, Presiding Judge,

      Respondents.

IVAN VILENSKY,

      Petitioner,

  -vs-

DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
OF THE STATE OF MONTANA, IN AND FOR THE COUNTY
OF MISSOULA and THE HONORABLE JOHN S. HENSON
Presiding Judge,

      Respondents.



FILED

AUG 30 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   ORIGINAL PROCEEDING


COUNSEL OF RECORD:

      For Petitioners:

          Donald Spadone, Attorney at Law, Hamilton, Montana

          Larry Mansch, Public Defender Office, Missoula,
          Montana

COUNSEL OF RECORD:

    For Respondents:

        Hon. Joseph P. Mazurek, Attorney General, John
        Paulson, Assistant Attorney General, Helena,
        Montana

        George Corn, Ravalli County Attorney, Hamilton,
        Montana

        Robert Deschamps, III, Missoula County Attorney,
        Missoula, Montana

    For Amicus Curiae:

        Lonnie J. Olson, Mental Disabilities Board of
        Visitors, Warm Springs, Montana

Submitted on Briefs: August 23, 1994

Decided: August 30, 1994

Filed:

Clerk

Justice **Karla** M. Gray delivered the Opinion of the Court.

We accepted original jurisdiction of these consolidated cases to address the following issue of first impression presented in Applications for Writ of Supervisory Control: Whether a defendant awaiting trial on criminal charges, who has been determined to lack the fitness to proceed, may be involuntarily medicated or treated for his underlying mental condition during the 90-day commitment period prescribed in § 46-14-221, MCA. We reverse orders of the Twenty-First Judicial District Court, Ravalli County, and the Fourth Judicial District Court, Missoula County, authorizing such involuntary medication and treatment and remand for further proceedings.

These consolidated cases are factually similar to the extent necessary for our resolution of the legal issue before us. Thus, abbreviated factual summaries are sufficient to provide a foundation for our analysis.

<u>State v. Franklin T. Curtis</u>

In response to being charged by information with two counts of deliberate homicide and three counts of felony assault in the Twenty-First Judicial District Court, Ravalli County, Franklin T. Curtis (Curtis) moved for a psychiatric examination and filed notice of intent to rely on the defense of mental disease or defect. The District Court appointed Dr. William Stratford to conduct a psychiatric examination of Curtis.

Following the examination and upon motion of the State of Montana (State), the District Court determined that a doubt existed about Curtis' fitness to proceed, and ordered that he be examined

3

at the Montana State Hospital at Warm Springs (State Hospital) pursuant to § 46-14-202, MCA. Subsequent to that examination, the court determined that Curtis was "not now fit to proceed" and ordered him committed to the custody of the Director of the Department of Corrections and Human Services (Department Director) for placement, as recommended by the court, at the State Hospital pursuant to § 46-14-221, MCA. The court's order suspended further criminal proceedings during Curtis' commitment and authorized involuntary medication for Curtis' mental illness as deemed necessary by the Department Director. The District Court stayed the involuntary medication pending Curtis' application to this Court for a writ of supervisory control.

### State v. Ivan Vilensky

Ivan Vilensky (Vilensky) was charged via information with two counts of felony assault and one count of misdemeanor assault in the Fourth Judicial District Court, Missoula County. Following a joint request by Vilensky and the State, the District Court ordered that Vilensky be examined to determine his fitness to proceed pursuant to § 46-14-202, MCA.

Subsequent to that examination and further proceedings, the District Court found Vilensky unfit to proceed and committed him to the custody of the Department Director pursuant to § 46-14-221(2), MCA. The court authorized involuntary antipsychotic medication and treatment of Vilensky, but stayed the involuntary medication and treatment pending Vilensky's application to this Court for a writ. Vilensky's counsel stipulated to preserving the State's "right" to a full 90-day evaluation period.

4

May a defendant who is awaiting trial on criminal charges, and who has been determined to lack the fitness to proceed, be involuntarily medicated or treated for his underlying mental condition during the 90-day commitment period prescribed in § 46-14-221(2), MCA?

The issue before us is limited to whether the State may involuntarily treat and medicate the underlying mental condition of a defendant committed pursuant to § 46-14-221(2), MCA, and, in so doing, attempt to render the defendant fit to proceed to trial. Not before us are the questions of medication and treatment for medical conditions other than the underlying mental condition or whether, how, and to what extent, the State may involuntarily medicate a defendant committed pursuant to § 46-14-221(2), MCA, in order to constrain behavioral manifestations of the defendant's underlying mental condition which demonstrably render the defendant a danger to himself or others.

All parties, including the State on behalf of Respondent District Courts and amicus curiae Mental Disabilities Board of Visitors, address the issue before us via both statutory interpretation and extensive constitutional analysis. The State argues that both § 46-14-221, MCA, and the United States Constitution permit involuntary medication and treatment of Curtis and Vilensky for their mental illnesses during this period of commitment for the purpose of rendering them fit to proceed to trial on the charges against them. Curtis, Vilensky and amicus curiae contend to the contrary. Because we hold that § 46-14-221(2), MCA, does not authorize the involuntary medication or treatment of a defendant's underlying mental condition, we do not address the significant constitutional issues which would arise in

5

the event of a different statutory interpretation.

Montana provides by statute that a person who, as a result of a mental disease or defect, is unable to understand the proceedings or assist in his or her defense, may not be tried, convicted or sentenced for the commission of a criminal offense. Section 46-14-103, MCA. The issue of a defendant's fitness to proceed is raised and determined in a criminal proceeding pursuant to Title 46, Chapter 14, Part 2 of the Montana Code Annotated, which is entitled "Procedure When Mental Disease or Defect an Issue."

A defendant's fitness to proceed often arises first under § 46-14-202, MCA, and the court may order an examination of whether a defendant is fit to proceed pursuant to that statute: for purposes of such an examination, the defendant may be committed to any suitable facility for a period not exceeding 60 days unless the court determines that a longer period is required for the examination. Section 46-14-202(2), MCA. A report of the examination must address the criteria set forth in § 46-14-206, MCA.

Section 46-14-221, MCA, provides for further proceedings in the event a report is filed pursuant to § 46-14-206, MCA. The court makes the determination of the defendant's fitness to proceed pursuant to § 46-14-221(1), MCA, and if the court determines the defendant is **not** fit to proceed, § 46-14-221(2), MCA, governs subsequent proceedings. The interpretation of § 46-14-221(2), MCA, is before us in this case.

Our role in construing statutes is clear. We must "ascertain and declare what is in terms or in substance contained therein . .

6

. ;" we may not insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA. The intention of the legislature is to be pursued. Section 1-2-102, MCA. If that intention can be determined from the plain meaning of the words used, a court may not go further and apply other means of interpretation. State v. Hubbard (1982), 200 Mont. 106, 111, 649 P.2d 1331, 1333 (citation omitted). Where the statutory language is "plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe." Hubbard, 649 P.2d at 1333.

In the event of a court determination that the defendant is not fit to proceed, § 46-14-221(2), MCA, provides as follows:

> [T]he proceeding against the defendant must be suspended, . . . and the court shall commit the defendant to the custody of the director of the department of corrections and human services to be placed in an appropriate institution . . . for so long as the unfitness endures. The committing court shall, within 90 days of commitment, review the defendant's fitness to proceed. If the court finds that the defendant is still unfit to proceed and that it does not appear that the defendant will become fit to proceed within the reasonably foreseeable future, the proceeding against the defendant must be dismissed, . . . and the prosecutor shall petition the court in the manner provided in chapter 20 or 21 of Title 53, whichever is appropriate, to determine the disposition of the defendant pursuant to those provisions.

It is clear that § 46-14-221(2), MCA, contains no reference to involuntary treatment and medication of the defendant's mental condition during the prescribed period.

The State's power to treat mentally ill persons is separately and specifically addressed in Chapter 21 of Title 53, MCA. The stated purpose of that chapter is to secure for each person who may be mentally ill the care and treatment suited to the person's

7

needs. Section 53-21-101, MCA. Under this chapter, the State is authorized to provide needed care and treatment involuntarily, where appropriate, but only pursuant to the procedural requisites and restrictions specifically provided by the Montana legislature. See, e.g., § 53-21-121, MCA.

The legislative intent of § 46-14-221(2), MCA, is clearly stated by the plain and unambiguous language used. The statute provides for the suspension of criminal proceedings and commitment of a defendant who is not fit to proceed to an appropriate institution for the period of unfitness. Section 46-14-221(2), MCA.

This latter provision is significantly limited, however. The defendant's fitness to proceed must be reviewed by the court within 90 days of the commitment: if, at that time, the court determines that the defendant remains unfit to proceed and it appears that the defendant will not become fit to proceed "within the reasonably foreseeable future, the proceeding against the defendant must be dismissed . . . ." Section 46-14-221(2), MCA. No language in the statute supports the position that the legislature intended the defendant's underlying mental condition to be involuntarily medicated or treated during the § 46-14-221(2), MCA, commitment period.

Moreover, the final portion of § 46-14-221(2), MCA, directly contradicts any such asserted legislative intent. There, the legislature specifically provided that, if the criminal proceedings are dismissed due to the defendant's unfitness, "the prosecutor shall petition the court in the manner provided in chapter 20 or 21

8

of Title 53, . . . to determine the disposition of the defendant pursuant to those provisions." Section 46-14-221(2), MCA (emphasis added). As discussed above, such a petition would result--assuming the requisite showings were made--in a civil commitment which would include appropriate treatment for the person's mental condition.

The language of § 46-14-221(2), MCA, is clear and the statute speaks for itself. It provides a means of committing a criminal defendant who is not fit to proceed for a limited period of **time** to determine whether the defendant will become fit to proceed to trial. If it appears that fitness to proceed will not occur within the reasonably foreseeable future, the criminal proceedings must be dismissed, and the State must proceed under statutes authorizing appropriate treatment for the underlying mental condition. We conclude that § 46-14-221(2), MCA, does not authorize the involuntary medication and treatment of a committed defendant's underlying mental condition.

While the State concedes our conclusion, at least to the extent of agreeing that no specific authority for such involuntary medication and treatment of a defendant's underlying mental condition is contained in § 46-14-221(2), MCA, it contends that the legislature's intent vis-a-vis this statute can be determined only through examination of legislative history. It urges us to apply rules of statutory construction whereby statutes are to be interpreted so as not to defeat their purpose, and with a view to effecting their objects and promoting justice. Section 1-2-103, MCA; Maney v. State (1992), 255 Mont. 270, 842 P.2d 704; State v. Sunday (1980), 187 Mont. 292, 609 P.2d 1188.

9

our conclusion that the legislature's language, intent and purpose in enacting § 46-14-221(2), MCA, are clear comports with these rules. It advances the purpose and objects of the statute ascertained from a plain reading of the legislature's language. It "promotes justice" by simultaneously effectuating the legislature's will and requiring the State to pursue involuntary treatment of mentally ill persons under the civil statutes specifically authorizing such treatment. Nor does anything in any of the rules of statutory construction advanced by the State permit this Court to deviate from the "plain meaning" rule absent ambiguous or uncertain language which does not exist in § 46-14-221(2), MCA, or to insert language authorizing involuntary treatment for a defendant's underlying mental condition which was not included by the legislature.

We hold that a defendant who is awaiting trial, and who has been determined to lack the fitness to proceed, may not be involuntarily medicated or treated for his underlying mental condition during the 90-day commitment period prescribed in § 46-14-221(2), MCA. Having so held, it remains necessary to return to the individual cases of petitioners Curtis and Vilensky.

### State v. Curtis

The Twenty-First Judicial District Court, Ravalli County, authorized the involuntary medication of Curtis' underlying mental illness: that provision was stayed. The District Court also ordered a report within 90 days of the date of its order of February 17, 1994, and it appears from the record before us that the report has been prepared and forwarded to the District Court.

10

The District Court's order authorizing involuntary medication of Curtis' underlying mental illness is reversed. Curtis now having been committed to the State Hospital for a period in excess of twice that permitted without further court review under § 46-14-221(2), MCA, the District Court is directed to proceed with its statutorily-mandated review of his fitness to proceed as immediately as such proceedings can be scheduled on a priority basis.

### State v. Vilensky

The Fourth Judicial District Court authorized the involuntary administration of antipsychotic drugs to treat Vilensky: it stayed that action. Vilensky's counsel stipulated that "the prosecution% right to a full ninety (90) day evaluation period will be preserved."

The District Court also determined that the administration of medication during the § 46-14-221(2), MCA, commitment was necessary for the health and safety of Vilensky and others. Our resolution of the issue in this case of involuntary treatment of a defendant's underlying mental condition addresses the court's "health of Vilensky" determination. The "safety of Vilensky and others" determination relates to the issues not before us regarding when and how the State may involuntarily medicate behavioral manifestations of a defendant's underlying mental condition which demonstrably render the defendant a danger to himself or others. Suffice it to say that our close review of the record reveals no basis for the court's determination that the "safety" of Vilensky and others necessitated medication of any kind, much less the

11

antipsychotic drugs recommended to treat the underlying mental illness.

The **District** Court's order authorizing the involuntary administration of antipsychotic drugs to treat Vilensky is reversed. Any "right" the State has to the 90-day period prior to court review of Vilensky's fitness to proceed has been fully **met,** in that some six months have elapsed since the stipulation. Vilensky having been committed to the State Hospital for a period longer than § 46-14-221(2), MCA, allows without further court review, the District Court is directed to proceed with its statutorily-mandated review of Vilensky's fitness to proceed as immediately as such proceedings can be scheduled on a priority basis.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

12

Justice James C. Nelson specially concurs.

I concur in the Court's opinion. The examination — evaluation statutes (Title 46, Ch. 14, part 2, MCA) clearly do not provide authority for the involuntary medication or treatment of a pretrial detainee for purposes of rendering him mentally or emotionally fit to proceed to trial or to assist in his own defense.

While we clearly state that we are, here, addressing only that issue, nevertheless, speaking for myself, and out of concern that our opinion has been drafted **with** greater care than that with which it might be read, I emphasize that, absent some future statutory change or a decision of this Court addressing the precise issue, I do not interpret our opinion in the instant cases as precluding the State from involuntarily medicating or treating a seriously mentally ill detainee under the provisions and procedures prescribed by § 53-21-129, MCA. Under our statutory scheme, that latter treatment is, however, only for the purpose of dealing with the immediate, emergency situation: it is not for the purpose of rendering the detainee fit to proceed to trial or to assist in his own defense.

In neither of the instant cases, is there anything in the record that implicates involuntary medication or treatment under the emergency situation required by § 53-21-129, MCA.

_____
                                    Justice

13

August 30, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Donald Spadone
Attorney at Law
220 So. 3rd St.
Hamilton, MT 59840

Larry D. Mansch
PUBLIC DEFENDER OFFICE
317 Woody Street
Missoula, MT 59802

Hon. Joseph Mazurek, Attorney General
John Paulson, Assistant
Justice Bldg.
Helena, MT 59620

George H. Corn
County Attorney
Ravalli County Courthouse
Hamilton, MT 59840

Hon. Jeffrey H. Langton
District Judge
Ravalli County Courthouse
Hamilton, MT 59840

Robert L. Deschamps, III
Missoula County Attorney
Missoula County Courthouse
Missoula, MT 59802

Hon. John S. Henson
District Judge
Missoula County, 200 W. Broadway
Missoula, MT 59802

Allen Smith, Jr.
Chief Legal Counsel
Mental Disabilities Board of Visitors
P.O. Box 177
Warm Springs, MT 59756

EO SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA
BY:
Deputy