JUSTICE NELSON
dissents and concurs.
¶19 I dissent from the Court’s decision as to Issue 1.1 concur with the Court’s decision as to Issue 2 and agree with the result reached.
¶20 I continue to disagree with this Court’s decision in State v. Brummer, 1998 MT 11, 287 Mont. 168, 953 P.2d 250, for the reasons which I articulated in my dissent in that case. See Brummer, ¶¶ 60-75 (Nelson, J., dissenting). I will not reiterate in detail my opposition here other than to note that the majority continues to improperly read language into and out of § 46-16-702, MCA (1997), in total disregard of what the statute actually says.
¶21 Contrary to the discussion in Issue 1, both subsections (2) and (3) of the statute plainly and unambiguously require that a predicate motion for new trial first be filed before the court has any authority to act under subsections (1) and (3). In its entirety, § 46-16-702, MCA (1997), provides:
*386 Motion for a new trial. (1) Following a verdict or finding of guilty, the court may grant the defendant a new trial if required in the interest of justice.
(2) The motion for a new trial must be in writing and must specify the grounds for a new trial. The motion must be filed by the defendant within 30 days following a verdict or finding of guilty and be served upon the prosecution.
(3) On hearing the motion for a new trial, if justified by law and the weight of the evidence, the court may:
(a) deny the motion;
(b) grant a new trial; or
(c) modify or change the verdict or finding by finding the defendant guilty of a lesser included offense or finding the defendant not guilty.
¶22 Obviously, “The motion” referred to in subsection (2) refers to the “Motion” in the title of the statute. Moreover, if read independently of subsection (1) “The motion” in subsection (2) has no antecedent reference. Likewise, “the motion” referred to in subsection (3) has no antecedent reference apart from subsection (2) and, thus, is, without question, the same “motion” that must be filed within 30 days following the verdict or finding of guilty as required by subsection (2). Read in context, both subsections (2) and (3) refer back to subsection (1). There is no other logical or grammatically correct way to read the three subsections; each is an integral part of the entirety of the statute.
¶23 Indeed, if, as the majority appear to conclude, subsections (1) and (3) apply to the court to the exclusion of the parties, then it still follows that the court may only grant a new trial on the basis of a motion — not sua sponte. The predicate for subsection (3) is still “the motion,” just as in subsection (2).
¶24 That the majority simply choose to ignore — or read out of the statute — that part of subsection (3) which provides “[o]n hearing the motion,” in no way changes the clear, logical and unambiguous language of the statute. This technique does, however, fly in the face of the well-settled principles of our case law governing statutory construction.
¶25 Specifically, these rules require that if the intention of the Legislature can be determined from the plain meaning of the words used, a court may not go further and apply other means of interpretation. In other words, where the statute speaks for itself, there is nothing left *387 for the court to construe. Curtis v. Dist. Court of 21st Jud. Dist. (1994), 266 Mont. 231, 235, 879 P.2d 1164, 1166 (citing State v. Hubbard (1982), 200 Mont. 106, 111, 649 P.2d 1331, 1333). See also § 1-2-101, MCA (the office of the judge is simply to ascertain and declare what is in terms or in substance contained in the statute, not to insert what has been omitted or to omit what has been inserted, and to give effect to all of the statute’s provisions and particulars). Moreover, when interpreting various subsections of a statute or various statutes together we adhere to the canon that:
In construing a statute, this Court must read and construe each statute as a whole so as to avoid an absurd result and to give effect to the purpose of the statute. Indeed[, statutes do not exist in a vacuum, [but] must be read in relationship to one another to effectuate the intent of the statutes as a whole. This Court will, if possible, construe statutes so as to give effect to all of them. When more than one statute applies to a given situation, such construction, if possible, is to be adopted as will give effect to all.
Skinner Enterprises v. Board of Health (1997), 286 Mont. 256, 271-72, 950 P.2d 733, 742 (internal citations and quotations omitted).
¶26 The majority opinion in Brummer and the majority opinion here as to Issue 1 violate all of these rules of construction. On the other hand, having jumped into interpretational quicksand in Brummer, the majority’s holding in Issue 1 does not come as much of a surprise.
¶27 My continuing disagreement with Brummer notwithstanding, I do note, however, that the 1999 Legislature attempted to accommodate this Court’s decision in that case by adding to § 46-16-702(1), MCA, a new last sentence: “A new trial may be ordered by the court without a motion or may be granted after motion and hearing.” Of course, this amendment begs the question of why, if the pre-1999 version of the statute already clearly and unambiguously provided the trial courts with that authority, as was decreed by the Brummer majority, it subsequently was necessary for the Legislature to textually add what this Court had already said was there. The answer is implicit in the question. Brummer was improperly decided. Prior to our decision the Legislature had neither intended nor assumed that § 46-16-702, MCA (1997), provided district courts with the power to sua sponte grant new criminal trials. And, following Brummer, recognizing that the statute still contained no such textual authority, the Legislature chose to give trial courts that power by adding to the statute *388 the language that this Court previously — albeit improperly — had read into it.
¶28 That aside, the more fundamental — and serious — problem in Brummer was recognized by Senator Mike Halligan during the legislative debate on the 1999 amendment. Sen. Halligan “remarked that he would rather have this handled by motion and hearing rather than having judges be activists.” See Sec. 1, Ch. 301, L. 1999 (SB 416 minutes of Senate Committee on Judiciary) (February 15,1999). I submit that Sen. Halligan hit the nail on the head. I suggest, however, that the lawmakers unfortunately failed to appreciate the mischief which trial judges were set free to visit upon criminal jury verdicts under our decision in Brummer and, after its amendment, under the revised version of § 46-16-702, MCA.
¶29 In my opinion the law should be changed. Because of Brummer and its spawn, there needs to be restored some protection for the finality of and some sense of judicial respect for the sanctity of jury verdicts. It should be and remain the obligation of the defense lawyer — not the trial judge — to represent and advocate for the defendant and to determine, in a timely manner, whether and on what grounds a new trial should be requested. It should be and remain the obligation of the court to dispassionately rule on the merits of a motion for new trial following a hearing in which both sides have notice and an opportunity to present arguments for and against. Trial courts should let the lawyers do the lawyering. Trial courts, under the guise of “inherent authority” should not be allowed, months after the fact, to blind-side either party with sua sponte rulings which have no basis in the record, as was the situation in the case sub judice.
¶30 The bottom line is this: few, if any, criminal jury verdicts are now safe. Bound by no time limits; without a motion from either party; with no objection by a litigant on the record; without notice and hearing; and with no other standard than the judge’s own personal “innate sense of injustice,’’this State’s trial judges may now exercise jurisprudential and statutory authority to discretionarily overturn criminal jury verdicts. The case at bar — wherein the trial court, 7 months after the conclusion of the trial, on the basis of an unlawful private jury survey, and without notice to counsel or hearing, sua sponte threw out a lawful jury verdict — demonstrates just how far afield trial courts can and will run with this newly-minted power.
¶31 Given this state of the law, the next Legislature should exercise its “discretion” and its “inherent authority” to impose, at the very *389 least, some reasonable time limits and notice and hearing requirements on a trial court’s ability to order new trials in criminal cases. Better, the Legislature should make it clear statutorily that new trials may be ordered only on the basis of a timely filed and noticed motion from counsel.
¶32 I dissent from our decision as to Issue 1, but concur in our decision as to Issue 2 and as to the result reached in this case.
JUSTICE GRAY concurs in the foregoing concurrence and dissent.