No. 99-595

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 10

JACK SWEARINGEN,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Chad Wright, Appellate Defender Office, Helena, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Pamela P. Collins, Assistant Montana Attorney General, Helena, Montana; Fred R. Van Valkenburg, Missoula County Attorney, Karen S. Townsend, Deputy County Attorney, Missoula, Montana

Submitted on Briefs: December 21, 2000
Decided: February 14, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Jack Swearingen (Swearingen) appeals from the Fourth Judicial District Court's September 3, 1999 Opinion and Order denying his petition for postconviction relief. We reverse and remand for further proceedings consistent with this opinion.

## Background

¶2 On December 10, 1997, Swearingen, represented by counsel, pleaded guilty under a plea agreement to two counts of sexual abuse of children, both felonies, in violation of § 45-5-625, MCA. He was sentenced May 13, 1998, to the Department of Corrections on one count and to the Montana State Prison on the other count. This latter sentence to the prison was suspended on conditions. On January 21, 1999, Swearingen, *pro se*, filed a petition for postconviction relief. The court set the petition for hearing on April 14, 1999, and Swearingen represented himself at the hearing. On September 3, 1999, the court denied Swearingen's petition on procedural grounds and on the merits. Swearingen timely appealed. Further facts are set forth in our discussion, to the extent necessary.

## Issues

¶3 On appeal, Swearingen argues two issues: First, he maintains that the District Court had a mandatory obligation to appoint counsel to represent him in his postconviction proceeding and, failing to do so, the court committed reversible error. Second, Swearingen claims that the court erred as a matter of law in denying his petition for postconviction relief. We determine that the first issue is dispositive and, therefore, do not address the second.

## Discussion

¶4 Section 46-21-201(2), MCA (1997), provides:

> If the death sentence has not been imposed and a hearing is required or if the interests of justice require, the court shall appoint counsel for a [postconviction] petitioner who qualifies for the appointment of counsel under Title 46, chapter 8, part 1.

¶5 In construing a statute we follow certain well-established rules. This Court is simply required to ascertain and declare what is in terms or in substance contained in the statute, neither inserting what has been omitted, nor omitting what has been inserted. Section 1-2-101, MCA. Moreover, if the intention of the legislature can be determined from the plain meaning of the words used, we may not go further and apply other means of interpretation. *Curtis v. Dist. Court of 21st Jud. Dist.* (1994), 266 Mont. 231, 235, 879 P.2d 1164, 1166 (citing *State v. Hubbard* (1982), 200 Mont. 106, 111, 649 P.2d 1331, 1333). Where the statutory language is "plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe." *Curtis*, 266 Mont. at 235, 879 P.2d at 1166.

¶6 Here, § 46-21-201(2), MCA (1997), clearly and unambiguously provides that if a hearing on a postconviction is required, the court *shall* appoint counsel for a postconviction petitioner who qualifies for the appointment of counsel under Title 46, Chapter 8, part 1. We have held that "shall" means "must" and that use of the term "shall" connotes a mandatory obligation. *Montco v. Simonich* (1997), 285 Mont. 280, 287, 947 P.2d 1047, 1051 ("Both 'shall' and 'must' are mandatory, rather than permissive."). *See also State v. Bartlett* (1995), 271 Mont. 429, 432, 898 P.2d 98, 100 ("shall" is compulsory); and *State ex rel. Palmer v. Hart* (1982), 201 Mont. 526, 533, 655 P.2d 965, 968-69 ("shall" mandates a particular act; the term does not grant discretion).

¶7 In this case the District Court set Swearingen's petition for postconviction relief for hearing. The court did not need to do that. Pursuant to § 46-21-201(1)(a), MCA (1997), the court could have dismissed Swearingen's petition summarily on the files and records of the case or the court could have ordered a response from the State and then could have dismissed the petition for failure to state a claim. Presumably, then, the court ordered a hearing because it concluded that one was required. Having made that determination, § 46-21-201(2), MCA (1997), mandatorily obligated the court to appoint counsel to represent Swearingen at the hearing. Having failed to do so, the court committed reversible error.

¶8 Notwithstanding, the State argues that there was no statutory obligation to appoint counsel because Swearingen never made a request for counsel. In making this argument, the State urges that we read § 46-21-201(2), MCA (1997), and § 46-8-104, MCA (1997), together. This latter statute provides that the court *may* assign counsel to defend any petitioner in any postconviction proceeding if he *desires* counsel and is unable to employ counsel. The State criticizes Swearingen for failing to give the court notice that he desired counsel.

¶9 We agree that the statutes should be read together, but we decline the State's invitation to construe the statutes in the manner suggested. Facially, at least, there does appear to be a conflict between the two statutes. Section 46-21-201(2), MCA(1997), makes the assignment of counsel mandatory if a postconviction hearing is required and the defendant is indigent. On the other hand, § 46-8-104, MCA (1997), appears to make the appointment of counsel in a postconviction proceeding discretionary, contingent upon the defendant's "desire" for counsel, and his indigence. Notwithstanding this apparent inconsistency, however, there is no requirement in either statute that the defendant actually give the court some sort of "notice" of his desire for counsel. Indeed, in *State v. Fry* (1982), 197 Mont. 354, 359, 642 P.2d 1053, 1056, referring to § 46-8-104, MCA, we held that *the court* had a *duty to inquire* into the defendant's indigence status and his desire for counsel. In the case at bar, there is nothing in the record that indicates that the court made such an inquiry or that Swearingen otherwise knowingly and intelligently waived his statutory right to counsel under § 46-21-201(2), MCA (1997).

¶10 Accordingly, we hold, that under this statute, if the trial court determines that a hearing on a postconviction petition is required and if the defendant is unrepresented by counsel, then it is incumbent upon the court to inquire into the indigence status of the defendant and if he is unable to hire counsel and qualifies for appointed counsel under Title 46, Chapter 8, part 1, then the court must appoint counsel to represent the defendant on his postconviction petition.

¶11 Finally, the State argues that, even assuming, *arguendo*, that § 46-21-201(2), MCA (1997), was violated, Swearingen has failed to demonstrate prejudice. Therefore, the District Court's failure to appoint counsel should not subject the denial of Swearingen's petition to reversal. We disagree.

¶12 Section 46-1-103(3), MCA, provides that "[a]ny irregularity in a proceeding specified by [Title 46] that does not affect the substantial rights of the accused must be disregarded." Notwithstanding, where another provision of Title 46 specifically requires the appointment of counsel in a particular proceeding or under certain circumstances, as does § 46-21-201(2), MCA (1997), it would be wholly inconsistent with the legislature's statutory mandate to require the defendant to demonstrate prejudice resulting from the court's violation of the law enacted precisely to protect the defendant from the dangers inherent in having to proceed without counsel.

¶13 Indeed, we presume that the legislature requires criminal defendants be represented by

counsel under certain circumstances or in certain proceedings in recognition of the truism that those untrained in the law do not usually understand their rights; are generally not capable of objecting to and, thus, preserving procedural and substantive legal error; and are typically ineffective in marshaling the facts, introducing evidence, making legal arguments and in defending against the efforts of the State. *See Ranta v. State,* 1998 MT 95, ¶ 30, 288 Mont. 391, ¶ 30, 958 P.2d 670, ¶ 30.

¶14 This case proves the point. It is apparent from the record and Swearingen's arguments on appeal, that he did not capably represent himself at his postconviction hearing. Swearingen had difficulties in properly framing nonobjectionable questions to ask one witness and was admonished by the court. He had problems following the court's questions and instructions. He had problems accessing the prison law library because he is wheelchair bound. He claimed to have had difficulty in getting his file from his trial attorney against whom his ineffective-assistance-of-counsel claims were directed.

¶15 Swearingen was forced to proceed without the benefit of counsel required by the law. As a result he suffered the very sort of harm that § 46-20-201(2), MCA (1997), was enacted to guard against. We reject the State's argument that Swearingen was required to demonstrate prejudice.

¶16 The trial court's denial of Swearingen's petition for postconviction relief is reversed and this cause is remanded to the District Court with instructions that the court appoint counsel for Swearingen and accord him a new evidentiary hearing on his postconviction petition.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER