No. 01-891

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 205N

DOUGLAS BOESE,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and for the County of Cascade,
                    The Honorable Thomas McKittrick, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Douglas Boese, *Pro Se*, Shelby, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Pamela P. Collins,
        Assistant Attorney General, Helena, Montana

        Brant Light, Cascade County Attorney, Great Falls, Montana


        Submitted on Briefs:  May 2, 2002

                  Decided:  September 10, 2002

Filed:

_____
                    Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Appearing *pro se*, Douglas Boese petitioned the Eighth Judicial District Court, Cascade County, for postconviction relief from the judgment entered against him on robbery, theft and forgery convictions, and requested appointment of counsel and a hearing. The District Court did not address the latter requests, and denied the petition for postconviction relief.  Boese appeals and we affirm.

¶3    The issue is whether the District Court erred in denying the petition for postconviction relief.

¶4    The underlying criminal charges against Boese arose out of a purse-snatching outside the Sailboat Lounge in Great Falls, Montana, and the subsequent cashing of a check that had been in the purse.  Boese initially pled guilty, but then withdrew his plea and was tried before a jury.  The jury found him guilty of robbery, misdemeanor theft and misdemeanor forgery, after which he was sentenced and his appointed counsel was granted leave to withdraw.  Boese applied *pro se* for sentence review, and the Sentence Review

2

Division increased his sentence. Almost a year after his conviction, Boese's trial counsel filed a notice of appeal on Boese's behalf and the District Court appointed the Appellate Defender to represent Boese on direct appeal, which this Court agreed to consider out-of-time.

¶5 The Appellate Defender subsequently moved to be allowed to withdraw and filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and § 46-8-103, MCA, stating that, after reviewing the entire record, he was unable to find any nonfrivolous issues to raise on appeal. Boese responded to the Appellate Defender's motion. This Court then independently examined the record and concluded an appeal would be wholly frivolous. As a result, we allowed the Appellate Defender to withdraw and dismissed the appeal.

¶6 In the present action, Boese petitioned the District Court for postconviction relief on the following grounds: (1) the trial judge should have recused himself after reading a threatening letter Boese wrote to his mother; (2) it was reversible error to require Boese to appear before the jury in shackles and handcuffs; (3) the State of Montana failed to prove the elements of robbery beyond reasonable doubt; (4) the method by which the jury was summoned was constitutional error which falls under the plain error doctrine; and (5) he was denied effective assistance of counsel because his court-appointed trial attorney failed to object to the jury summoning procedure, properly prepare for trial, investigate or move for a mistrial when a witness violated a motion in limine

3

prohibiting mention of earlier hearings at which Boese had appeared, and appellate counsel also failed to challenge the manner in which the jury was summoned. Boese requested appointed counsel and a hearing.

¶7 The District Court ordered the State to respond to Boese's petition. Then, in a summary order, the court denied Boese's petition on grounds that Boese had been afforded the opportunity for direct appeal and this Court had concluded an appeal would be wholly frivolous. The court also cited to § 46-21-105(2), MCA, which provides that issues which were or could have been raised on direct appeal cannot be raised in a postconviction proceeding.

¶8 We review a trial court's conclusions of law in a denial of a petition for postconviction relief to determine whether the conclusions are correct. *Dawson v. State*, 2000 MT 219, ¶ 18, 301 Mont. 135, ¶ 18, 10 P.3d 49, ¶ 18, *cert. denied* 532 U.S. 928, 121 S.Ct. 1372, 149 L.Ed.2d 299 (2001). We affirm a correct result, even if it was reached for a wrong reason. *State v. Francis*, 2001 MT 233, ¶ 16, 307 Mont. 12, ¶ 16, 36 P.3d 390, ¶ 16.

¶9 On appeal, Boese argues the District Court erred in failing to appoint counsel, relying on *Swearingen v. State*, 2001 MT 10, 304 Mont. 97, 18 P.3d 998. The ruling in that case, however, was based on the district court's setting of a hearing on the petition for postconviction relief. *Swearingen*, ¶¶ 6-7. Counsel is appointed for postconviction proceedings in a non-capital case only if a hearing is necessary or the interests of justice require. *See* § 46-21-201(2), MCA. No hearing was held on Boese's petition, and he

has not established that the interests of justice required appointment of an attorney to represent him. Thus, while the District Court should have ruled separately on Boese's request for counsel, appointment of counsel was not required under these circumstances. We conclude, therefore, that the District Court reached the correct result in declining to appoint counsel for Boese.

¶10  Boese's allegation that the trial judge should have recused himself after becoming aware, prior to trial, of a threatening letter Boese had written to his mother was discussed in the Appellate Defender's *Anders* brief on appeal and, therefore, is procedurally barred under § 46-21-105(2), MCA. Moreover, because it was record-based, the issue of whether the State failed to prove the elements of robbery beyond a reasonable doubt could have been raised on direct appeal but was not, and is barred for that reason. *See* § 46-21-105(2), MCA. In any event, we independently examined the record pursuant to *Anders* during Boese's direct appeal and concluded there were no nonfrivolous grounds for appeal.

¶11  Boese's claims that he was prejudiced when the jury allegedly saw him in shackles and handcuffs and that the procedure by which the jury was summoned amounted to reversible error under *State v. LaMere*, 2000 MT 45, 298 Mont. 358, 2 P.3d 204, are procedurally barred because Boese did not object regarding these matters at trial and, consequently, did not properly preserve them for appeal. *See State v. Baker* (1995), 272 Mont. 273, 281, 901 P.2d 54, 58. Furthermore, nothing of record supports the assertion that the jury

5

saw Boese in shackles and handcuffs and there is no evidence in the record regarding the procedure that was used to summon the jury in this case. The District Court properly dismissed these claims.

¶12 Boese contends he has raised non-record issues about whether he received ineffective assistance of counsel at trial and on appeal which are appropriate only for postconviction relief, not direct appeal. A defendant who alleges he was denied effective assistance of counsel has the burden of demonstrating both that his counsel's actions were deficient under an objective standard of reasonableness established by prevailing professional norms during the representation and that there was a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *State v. Boyer* (1985), 215 Mont. 143, 147, 695 P.2d 829, 831, *adopting the test from Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

¶13 Boese claims his trial counsel was ineffective in failing to object to his alleged shackling and to the method by which the jury was called, and in failing to call an alibi witness. However, he did not attach to his petition for postconviction relief records or affidavits establishing the existence of facts to support his allegations, as required under § 46-21-104(1)(c), MCA, to support a claim of ineffective assistance of counsel. As a result, the District Court properly dismissed these claims notwithstanding that it should have done so under § 46-21-104(1)(c), MCA.

6

¶14 Boese also contends that his trial counsel was ineffective for failing to move for a mistrial regarding an alleged violation of a motion in limine, but the record belies the factual predicate on which this claim of ineffective assistance is premised. The trial transcript demonstrates counsel moved for a mistrial on such grounds during the testimony of the witness in question, and the motion was denied. The claim of ineffective assistance is, therefore, groundless. The District Court correctly dismissed it.

¶15 Boese also maintains his trial counsel was ineffective in failing to preserve the jury summoning issue and his appellate counsel was ineffective in failing to raise it on direct appeal. We disagree. At the time of Boese's trial, an argument such as that later raised successfully in *LaMere* had never prevailed. Therefore, Boese's trial counsel cannot be said to have rendered deficient performance for failing to raise the issue. *See, e.g., Lowry v. Lewis* (9th Cir. 1994), 21 F.3d 344, 346 (a lawyer's conduct must be evaluated for purposes of the *Strickland* performance standard as of the time of the conduct, not based on decisions in later cases). Moreover, Boese's appellate counsel was procedurally barred from raising this issue because it was not raised at trial and, in addition, was not record-based. Appellate counsel cannot be ineffective for failing to raise an issue that would be procedurally barred. *See State v. Hildreth* (1994), 267 Mont. 423, 432-33, 884 P.2d 771, 777.

¶16 Finally, Boese suggests in his reply brief that, under *State v. Whitehorn*, 2002 MT 54, 309 Mont. 63, 50 P.3d 121, "the jury summoning issue may not even be covered by a procedural bar defense." He does not support this suggestion with any legal analysis, but appears to intend to raise the plain error doctrine. We do not consider plain error review when it is raised for the first time in an appellant's reply brief. ***See, e.g., State v. Raugust*, 2000 MT 146, ¶ 19, 300 Mont. 54, ¶ 19, 3 P.3d 115, ¶ 19 (citations omitted).**

¶17 We hold that, while the grounds cited by the District Court for denying Boese's petition for postconviction relief were not altogether correct, the District Court reached the correct result.

¶18 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE