No. 02-264

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 296N

STATE OF MONTANA,

        Plaintiff and Respondent.

    v.

CRAIG HUNTER CRAIN,

        Defendant and Appellant,


APPEAL FROM:    District Court of the Twentieth Judicial District,
                      In and for the County of Lake,
                      The Honorable C.B. McNeil, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Craig Hunter Crain, Deer Lodge, Montana (*pro se*)

        For Respondent:

                Mike McGrath, Montana Attorney General, Cregg W. Coughlin, Assistant
                Montana Attorney General, Helena, Montana; Robert J. Long, Lake County
                Attorney, Polson, Montana


                            Submitted on Briefs:  September 16, 2002

                                    Decided:  December 12, 2002

Filed:


_____
                          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), of the Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result, to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Appellant Craig Hunter Crain pled guilty to one count of burglary, one count of theft, and two counts of criminal mischief in the Twentieth Judicial District Court, Lake County. Crain then filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel at the time he entered his guilty plea. The District Court denied Crain's petition for post-conviction relief, and Crain appeals. We affirm the judgment of the District Court.

¶3     We restate the issues on appeal as follows:

¶4     1. Did the District Court err in not conducting a hearing on Crain's petition for post-conviction relief?

¶5     2. Did the District Court err in denying Crain's petition for post-conviction relief?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     On November 6, 2000, the Respondent, State of Montana, filed an information charging Craig Hunter Crain with the following offenses: burglary, a felony, in violation of § 45-6-204, MCA (1999); theft, a felony, in violation of § 45-6-301, MCA (1999); and criminal mischief, a felony, in violation of § 45-6-101, MCA (1999). On November 29,

2

2000, the State filed an amended information, charging Crain with an additional count of criminal mischief, a felony, in violation of § 45-6-101, MCA (1999). On January 3, 2001, Crain pled guilty to all four charges. Crain was sentenced by the District Court on January 24, 2001.

¶7 Crain filed a pro se petition for post-conviction relief on August 16, 2001. In his petition, Crain alleged that his attorney's poor performance led him to plead guilty to the additional count of criminal mischief contained in the State's amended information. Crain also requested leave to withdraw his guilty plea and proceed to trial. On August 20, 2001, the District Court appointed counsel to represent Crain in his post-conviction proceedings. The State filed a motion to dismiss Crain's petition for post-conviction relief on August 24, 2001. The District Court denied the State's motion on November 14, 2001, and granted both parties leave to conduct discovery.

¶8 On February 26, 2002, Crain's appointed counsel filed a motion to withdraw as counsel of record because she found Crain's petition for post-conviction relief wholly frivolous. The District Court granted counsel's motion to withdraw on February 27, 2002, and on the next day, denied Crain's petition for post-conviction relief. Crain appealed the District Court's denial of his petition on March 12, 2002.

## STANDARD OF REVIEW

¶9 We review a district court's denial of a petition for post-conviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

3

Discretionary rulings in post-conviction relief proceedings, including rulings relating to whether to hold an evidentiary hearing, are reviewed for abuse of discretion. *Hanson*, ¶ 9.

## DISCUSSION

## ISSUE 1

**¶10 Did the District Court err in not conducting a hearing on Crain's petition for post-conviction relief?**

¶11 On appeal, Crain contends that the District Court erred in not conducting a hearing on his petition for post-conviction relief. Section 46-21-201, MCA (1999), dictates the procedures to be followed in post-conviction proceedings. Section 46-21-201(1)(a), MCA (1999), provides:

> Unless the petition and the files and records of the case conclusively show that the petitioner is not entitled to relief, the court shall cause notice of the petition to be served upon the county attorney in the county in which the conviction took place and upon the attorney general and order them to file a responsive pleading to the petition. Following its review of the responsive pleading, the court may dismiss the petition as a matter of law for failure to state a claim for relief or it may proceed to determine the issue.

¶12 In the instant case, the District Court complied with subsection (1)(a) of § 46-21-201, MCA (1999). The District Court also appointed an attorney to represent Crain in his post-conviction proceedings, although appointment of counsel is not mandated in such proceedings. Section 46-21-201(2), MCA (1999). After the State filed its motion in response to Crain's petition, the District Court then allowed both parties leave to conduct discovery, as authorized in subsection (4) of § 46-21-201, MCA (1999). Finally, upon review of Crain's petition and the State's responsive motion, the District Court denied

Crain's petition for post-conviction relief on February 28, 2002.

¶13     The District Court denied Crain's petition without conducting a hearing. We have previously held that a district court is not required to hold a hearing on a petition for post-conviction relief. *See Swearingen v. State*, 2001 MT 10, ¶ 7, 304 Mont. 97, ¶ 7, 18 P.3d 998, ¶ 7. That is, a district court is permitted to evaluate a post-conviction petition based solely upon its review of the files and records of a case. *Swearingen*, ¶ 7. As such, and for the reasons set forth below, we conclude that no abuse of discretion occurred in the instant case. Accordingly, the District Court did not err in failing to conduct a hearing on Crain's petition for post-conviction relief.

## ISSUE 2

¶14     **Did the District Court err in denying Crain's petition for post-conviction relief?**

¶15     On appeal, Crain asserts that he received ineffective assistance of counsel. Specifically, Crain alleges that his attorney's poor performance caused him to plead guilty to the additional count of felony criminal mischief contained in the State's amended information (Count IV). Crain also maintains that the State illegally charged him with Count IV, as the facts on record prior to sentencing were insufficient to elevate the charge from a misdemeanor to a felony. The State counters that Crain's guilty plea to Count IV bars him from asserting any factual defenses to the charge. We agree.

¶16     In *State v. Wheeler* (1997), 285 Mont. 400, 402, 948 P.2d 698, 699, this Court noted that: "A voluntary and intelligent plea of guilty constitutes a waiver of non[-]jurisdictional defects and defenses." Jurisdictional defenses arise only in "those cases in which the district

5

court could determine that the government lacked the power to bring the indictment *at the time of accepting the guilty plea from the face of the indictment or from the record.*" *Hagan v. State* (1994), 265 Mont. 31, 36, 873 P.2d 1385, 1388. In the case before us, Crain does not contend that the government lacked the power to bring criminal charges against him, nor does the record support such a contention. Crain's claims on appeal are strictly non-jurisdictional in nature.

¶17 This Court has also stated that: "After the defendant in a criminal case pleads guilty, thereby admitting he or she is guilty of the offense charged, the defendant may only attack the voluntary and intelligent character of the guilty plea and may not raise independent claims relating to prior deprivations of constitutional rights." *State v. Gordon*, 1999 MT 169, ¶ 23, 295 Mont. 183, ¶ 23, 983 P.2d 377, ¶ 23. In this case, Crain did not challenge the voluntary and intelligent character of his guilty plea in his petition for post-conviction relief, nor did he bring such a challenge on appeal. Further, there is no evidence in the record which indicates that Crain's plea was not voluntarily and intelligently made. The relevant portion of Crain's testimony at the time of entry of plea is as follows:

> Q. The defendant has acknowledged the rights he is waiving by entering a guilty plea. Have you carefully gone over the acknowledgment to rights with your attorney and are satisfied you understand the charges against you and the possible punishment?
> A. Yes, your Honor.
>
> . . . .
>
> Q. Are you satisfied with the services of Mr. . . . as your attorney?
>
> A. Yes, your Honor.

6

Q. Have you had adequate time to discuss this matter with him?

A. Yes, your Honor.

Q. Has anyone threatened you with any harsher punishment if you did not plead guilty?

A. No, sir.

Q. Has any law enforcement officer or any member of the county attorney staff used any force or duress to cause you to enter a guilty plea?

A. No, your Honor.

Q. Has anyone made any promises to you apart from the plea agreement?

A. No, your Honor.

. . . .

Q. And with regard to Count IV, did you commit damage with respect to those premises belonging to Cenex Supply and Blackfoot Telephone Cooperative in excess of $1,000?

A. Yes.

¶18    The above testimony establishes the voluntary and intelligent nature of Crain's guilty plea. Furthermore, when questioned by the District Court at the time of entry of plea, Crain testified that he was satisfied with the services of his attorney. Crain also admitted that the damages he caused with regard to Count IV were in excess of one thousand dollars, constituting felony criminal mischief under § 45-6-101, MCA (1999). When a defendant pleads guilty, he or she "waives [the] right to a jury trial and, in doing so, waives the requirement that the State prove each element of the crime beyond a reasonable doubt."

7

*State v. Graham*, 2002 MT 237, ¶ 13, 311 Mont. 500, ¶ 13, 57 P.3d 54, ¶ 13. Crain was convicted and sentenced based upon his guilty plea. Upon entry of such plea, Crain waived the right to raise factual challenges to the charges against him. Therefore, we hold that the District Court did not err in denying Crain's petition for post-conviction relief.

¶19 For the foregoing reasons, the judgment of the District Court is affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE