No. 94-419

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

    Plaintiff and Respondent,

  v.

ALBERT D. BARTLETT,

    Defendant and Appellant.



FILED

JUN 20 1995

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding

COUNSEL OF RECORD:

    For Appellant:

        William F. Hooks, Appellate Defender, Helena,
        Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General, and
        Jennifer Anders, Assistant Attorney General,
        Helena, Montana

        Robert McCarthy, County Attorney, and Brad
        Newman, Deputy County Attorney, Butte, Montana

Submitted on Briefs:  May 19, 1995

Decided:  June 20, 1995

Filed:

_____
            Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Albert D. Bartlett was charged with criminal possession of dangerous drugs with intent to sell. Prior to trial, the District Court for the Second Judicial District, Silver Bow County, denied the motion of Bartlett's standby counsel that Bartlett undergo a mental examination. Bartlett proceeded to trial and was convicted. He appeals. We reverse.

The dispositive issue is whether the District Court erred when it denied the motion for mental examination.

In November 1993 two men, Smith and Patterson, were detained by Butte, Montana police officers minutes after they were seen breaking into a 1971 Ford Maverick and taking two duffle bags from it. Marijuana was found in the possession of the two men. Patterson told the officers that the marijuana had been inside a duffle bag taken from the Maverick.

The Maverick belonged to Albert D. Bartlett. When the police officers interviewed him about the incident, they found his response suspicious and uncooperative. Based upon Bartlett's behavior and the recovery of the marijuana, they arrested him and obtained a warrant to search the car. They found six bundles of marijuana taped under the rear seat. The bundles contained a total of 6.79 pounds of marijuana.

Prior to trial, Bartlett had several changes of counsel. His initial court-appointed attorney withdrew by mutual agreement. Bartlett's subsequent efforts to locate privately-retained counsel

2

were unsuccessful. A second court-appointed attorney moved to be allowed to withdraw due to a conflict of interest.

On February 28, 1994, the District Court held a hearing to determine Bartlett's competence to waive his right to counsel. Following the hearing, the court ordered that Bartlett would be allowed to proceed pro se. It later allowed Bartlett's second attorney to withdraw and appointed a third attorney, Deirdre Caughlan, as standby counsel for Bartlett.

At the next pretrial hearing, on March 28, 1994, Caughlan submitted a written motion and orally moved for a mental examination of Bartlett. She stated her belief, pursuant to § 46-14-202, MCA, "that a question exists that Defendant is fit to proceed in that it is believed that he may suffer from a mental condition, disease or defect which may affect his ability to assist in his own defense" and that he may have been unable to form a particular state of mind which is an essential element of the offense charged. Caughlan represented that it was "vital to the defense of Defendant that such an examination and accessment [sic] be conducted, particularly to determine if the Defendant is capable in assisting in his own defense."

Following Caughlan's oral motion at the hearing, Bartlett immediately stated, "She's fired, period. Her word is without merit, as far as I'm concerned. She works for the Court, for the Police Department." He also declared that Caughlan had failed to file motions he had asked her to file for him.

3

The prosecutor opposed the motion for a mental examination. He argued that while Bartlett was "difficult" to deal with, he was competent and it was "time to move this case toward some kind of a disposition."

The District Court denied the motion for a mental examination. It reasoned:

> The Court notes that Defendant and the State opposed such motion. The Court finds that Defendant has appeared competent, and aware of the charges and consequences of this action, in all of his previous appearances before the Court. Defendant has appeared capable of acting with purpose or knowledge and has exhibited the ability to act in his own defense.

The court did not relieve Caughlan of her duties as standby counsel.

The case eventually proceeded to jury trial, with Bartlett conducting his own defense and Caughlan assisting him. He was convicted and sentenced to the maximum term of twenty years' imprisonment.

Did the District Court err when it denied the motion for mental examination?

The statutory procedures for determining one's competency to stand trial include the right of an accused to be examined for determination of his fitness to proceed.

> 46-14-202. **Examination of** defendant. (1) If the defendant or the defendant's counsel files a written motion requesting an examination or if the issue of the defendant's fitness to proceed is raised by the district court, prosecution, or defense counsel, the district court shall appoint at least one qualified psychiatrist

4

or licensed clinical psychologist or shall request the superintendent of the Montana state hospital to designate at least one qualified psychiatrist or licensed clinical psychologist, which designation may be or include the superintendent, to examine and report upon the defendant's mental condition.

As originally enacted, the statute provided that when "there is reason to doubt [the defendant's] fitness to proceed . the court shall appoint . . . " See § 95505, R.C.M. (1947). The statute was amended in 1981 to provide that the defendant or his counsel could raise the matter of the defendant's fitness to be tried. In 1991, it was further amended to allow the court or the prosecution, as well as the defense, to raise the issue.

Section 46-14-202, MCA, does not require that the defendant must agree to a mental examination. If one of the listed persons files a written motion, or if the issue of the defendant's fitness to proceed is raised by one of the listed persons, the court "shall" arrange for such an examination. The word "shall" is compulsory. However, the statute does not directly answer the question of whether standby counsel's motion for a mental examination of the defendant must be granted.

A criminal defendant may not be tried unless he is competent. Godinez v. Moran (1993), ___ U.S. ___, 113 S.Ct. 2680, 125 L.Ed.2d 321. The State argues that Bartlett had been ruled competent to represent himself and that therefore he had the right to refuse a mental examination. However, courts have a continuing duty to review the issue of competency in criminal proceedings.

> Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial.

Drope v. Missouri (1975), 420 U.S. 162, 181, 95 S.Ct. 896, 908, 43 L.Ed.2d 103, 119.

The State further contends that allowing standby counsel to force a mental examination would deprive Bartlett of his Sixth Amendment right to self-representation, citing Faretta V. California (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.

The right to self-representation imposes some limitations on standby counsel's unsolicited participation. McKaskle V. Wiggins (1984), 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122. In proceedings held in the presence of the jury, the pro se defendant must be allowed to preserve actual control over the case he chooses to present to the jury, and standby counsel must not make or substantially interfere with any significant tactical decisions, control the questioning of witnesses, or speak instead of the defendant on any matter of importance. McKaskle, 465 U.S. at 178. For proceedings outside the jury's presence:

> Faretta rights are adequateiy vindicated . if the pro se defendant is allowed to address the court freely on his own behalf and if disagreements between counsel and the pro se defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel.

McKaskle, 465 U.S. at 179.

As set forth above, under § 46-14-202, MCA, either the prosecution or the defense in a criminal case, or the court itself,

6

may initiate a mental examination of the defendant. As further noted above, the statute requires that if one of the entities listed raises the issue, the court <u>shall</u> order an examination. Therefore, we conclude that this is not a decision which would normally be left to the discretion of defense counsel. We further conclude that granting such a request does not infringe upon the defendant's ability to present his case to the jury.

In this instance, we are faced with sometimes competing constitutional rights of a criminal defendant to represent himself if he competently so chooses, and not to be tried if he is incompetent to stand trial. Standby counsel for a pro se criminal defendant will commonly have greater exposure to and knowledge of the mental state of the defendant than will either the prosecution or the court. We conclude that the issue of defendant's competence to stand trial, when raised by standby counsel, must be treated with as much deference as if the issue were raised by the prosecution or the court itself. We therefore hold that a motion by standby counsel for mental examination under § 46-14-202, MCA, must be granted as a matter of right.

Having thus concluded that the District Court violated § 46-14-202, MCA, we reverse Bartlett's conviction and remand for further proceedings consistent with this Opinion.

_____
Chief Justice

We concur:

_Karla M. Gray_

_William E. Hunt, Sr._

_Terry N. Trieweiler_

_W. William Leaphart_
Justices