No. 03-721 & 03-724

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 207N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

STEVEN TSUJI,

Defendant and Appellant.

APPEAL FROM:     District Court of the Eighth Judicial District,
                 In and for the County of Cascade, Cause Nos.BDC 99-335 & BDC 00-522
                 The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Carl B. Jensen, Jr., Attorney at Law, Great Falls, Montana

        For Respondent:

        Honorable Mike McGrath, Montana Attorney General, Micheal S.
        Wellenstein, Assistant Attorney General, Helena, Montana; Brant S. Light,
        Cascade County Attorney, Great Falls, Montana

                                        Submitted on Briefs:  May 19, 2004

                                        Decided:  August 3, 2004

Filed:

        _____
                              Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Steven Tsuji appeals from orders of the District Court for the Eighth Judicial District, Cascade County, revoking his suspended sentences and sentencing him to a term of years with the Department of Corrections (DOC) for two separate causes of action.  We affirm.

¶3     We address the following issue on appeal:  Whether the District Court abused its discretion when it refused to allow Tsuji additional time to present evidence regarding his mental health.

## Factual and Procedural Background

*District Court Cause No. BDC 99-335*

¶4     On August 20, 1999, the State charged Tsuji by Information in cause number BDC 99-335, with one count of Deceptive Practices by Common Scheme, a felony, in violation of § 45-6-317(1)(d)(i), MCA.  The State later amended the Information to charge Tsuji with four counts of felony Deceptive Practices by Common Scheme and one count of misdemeanor Deceptive Practices.  The charges stemmed from Tsuji obtaining credit cards of other individuals through his employment and then using the credit cards to purchase thousands of dollars worth of items.

2

¶5 On December 2, 1999, Tsuji entered into a plea agreement with the State in which he agreed to plead guilty to two counts of felony Deceptive Practices and to pay restitution. The State agreed to dismiss the remaining three counts and to recommend to the court that Tsuji receive a three-year deferred sentence for each of the two counts with the sentences to run consecutively.

¶6 On March 1, 2000, the District Court accepted Tsuji's guilty pleas to two felony counts of Deceptive Practices and granted the State's motion to dismiss the remaining three counts. On April 25, 2000, the court imposed a six-year deferred sentence for each of the Deceptive Practice counts and ordered that they run concurrently.

¶7 On March 15, 2001, the State filed a petition to revoke Tsuji's deferred sentences in cause number BDC 99-335, contending that Tsuji violated the conditions of his probation by gambling; leaving Cascade County without permission; purchasing items with bad checks and later returning those items for cash; and failing to perform community service.

¶8 The District Court conducted an evidentiary hearing on the revocation petition on April 11, 2001. Thereafter, the court revoked Tsuji's deferred sentences and sentenced him to the DOC for six years on each count with all of the time suspended subject to various conditions. The court ordered that Tsuji's sentences were to run concurrently.

*District Court Cause No. BDC 00-522*

¶9     On December 29, 2000, the State charged Tsuji by Information in cause number BDC 00-522 with Issuing a Bad Check by Common Scheme, a felony, in violation of § 45-6-316(1), MCA.  Tsuji entered into a plea agreement with the State wherein the State agreed to recommend a five-year suspended sentence to the DOC and Tsuji's placement in the Intensive Supervision Program in return for Tsuji's guilty plea.

¶10     Tsuji pleaded guilty to the charge on May 16, 2001, and the District Court sentenced him to five years with the DOC with all of the time suspended.  The court ordered that this sentence was to run concurrent to the sentence imposed in cause number BDC 99-335.

*Revocation of Tsuji's sentences in BDC 99-335 and BDC 00-522*

¶11     On November 26, 2002, the State petitioned the District Court to revoke Tsuji's sentences in both causes of action on the grounds that Tsuji, in violation of the conditions of his probation, had purchased and financed several vehicles and that he was either delinquent on or had defaulted on those loans.  In addition, the State alleged that Tsuji had provided a false Social Security number to open a checking account and obtain a credit card.

¶12     Tsuji appeared in court for an evidentiary hearing on the revocation petitions on April 8, 2003, at which time Tsuji admitted to most of the allegations in the State's petition.  After Tsuji's admissions, the District Court granted Tsuji's request to continue the dispositional portion of the revocation proceeding.

¶13     On June 12, 2003, the State moved to revoke Tsuji's bond because Tsuji left Montana without permission and was subsequently arrested in Seattle for committing a new

4

offense–driving a car that he had purchased with a forged check. Hence, the District Court revoked Tsuji's bond, issued an arrest warrant, and set a dispositional hearing for August 5, 2003. On July 29, 2003, defense counsel filed a motion to continue the dispositional hearing pending the results of a mental evaluation of Tsuji. The District Court denied the motion.

¶14    The parties appeared for the dispositional hearing on August 5, 2003, at which time defense counsel renewed his motion to continue the hearing stating that he believed Tsuji was suffering from bipolar disorder. Defense counsel also stated that Tsuji's mental evaluation would address whether Tsuji was competent to answer true to the allegations of probation violation at the April 8, 2003 evidentiary hearing on the revocation petitions and that it would also have a bearing on the appropriate sentence for Tsuji. The State objected to the continuance, arguing that Tsuji already had nine months in which he could have had a mental evaluation. The District Court denied the motion for continuance stating that the sentencing order in Tsuji's case went back over two years and in all that time, there had never been an issue raised regarding Tsuji's mental capacity at the time he committed the crimes or his ability to assist in his defense.

¶15    On August 8, 2003, the District Court revoked Tsuji's suspended sentences and sentenced him to six years with the DOC on each count in cause number BDC 99-335 and to five years with the DOC in cause number BDC 00-522. The court ordered that the sentences were to run concurrently. Tsuji appeals.

**Standard of Review**

5

¶16    A district court considers a motion for a continuance of a criminal trial in light of the diligence shown by the moving party and may grant the continuance, in its discretion, if the interests of justice so require. *State v. Fields*, 2002 MT 84, ¶ 20, 309 Mont. 300, ¶ 20, 46 P.3d 612, ¶ 20 (citing § 46-13-202, MCA). This Court will review a ruling on a motion for a continuance to determine whether the district court abused its discretion. *Fields*, ¶ 20 (citing *State v. Borchert* (1997), 281 Mont. 320, 324, 934 P.2d 170, 173).

## Discussion

¶17    *Whether the District Court abused its discretion when it refused to allow Tsuji additional time to present evidence regarding his mental health.*

¶18    Tsuji contends on appeal that pursuant to § 46-18-115(1), MCA, the District Court should have allowed counsel additional time to determine if Tsuji had a mental disease or defect and an opportunity to present that evidence to the court. Tsuji maintains that under *State v. Bostwick*, 1999 MT 237, 296 Mont. 149, 988 P.2d 765, a district court is required to hold a competency hearing if there is sufficient evidence that the defendant may not be competent.

¶19    The State argues on appeal that in light of Tsuji's recidivism and his poor record on probation, a mental health evaluation would not have changed the outcome of the District Court's disposition. Moreover, the State maintains that defense counsel failed to support, with any facts or evidence, counsel's argument that the results of a mental evaluation would have a bearing on the District Court's disposition.

6

¶20 Tsuji is correct that we held in *Bostwick* that "'due process requires that a hearing be held whenever *evidence* raises a sufficient doubt about the mental competency of an accused to stand trial.'" *Bostwick*, ¶ 16 (emphasis added) (quoting *Griffin v. Lockhart* (8th Cir. 1991), 935 F.2d 926, 929). However, we also stated in *Bostwick* that

> [d]efense counsel's expressed doubt regarding the defendant's competency also is a factor to consider, but is not enough–standing alone–to create sufficient doubt about a defendant's fitness to proceed.

*Bostwick*, ¶ 18 (citing *Griffin*, 935 F.2d at 930; *Drope v. Missouri* (1975), 420 U.S. 162, 177 n.13, 95 S.Ct. 896, 906 n.13, 43 L.Ed.2d 103).

¶21 Here, there was insufficient indicia of incompetence to warrant a continuance for a mental evaluation. In fact, as the District Court correctly recognized in denying the continuance, Tsuji's competency had never been questioned in any of the prior District Court proceedings. In both the November 3, 1999 Omnibus Hearing Memorandum and Order in cause number BDC 99-335 and the April 18, 2001 Omnibus Hearing Memorandum and Order in cause number BDC 00-522, Tsuji asserted that he was not contesting his fitness to proceed and that he did not intend to introduce at either trial evidence of a mental disease or defect. In addition, on December 2, 1999, prior to pleading guilty to two counts of Deceptive Practices in cause number BDC 99-335, Tsuji filed an Acknowledgment of Waiver of Rights by Plea of Guilty with the District Court in which he stated that he fully understood what he was doing and that he was "not suffering any emotional or mental disability from any cause including mental disease or defect." Similarly, in his April 24, 2001 Plea Agreement for the offense of Issuing a Bad Check in cause number BDC 00-522,

Tsuji again stated that he was "not suffering any emotional or mental disability from any cause including mental defect or impairment."

¶22 Moreover, on April 13, 2000, Tsuji's probation and parole officer filed a presentence investigation (PSI) with the District Court in cause number BDC 99-335. Regarding Tsuji's mental health, the PSI stated only that while Tsuji attended Carroll College from 1996 through 1998, he saw a therapist for "general issues mainly stemming from some of [Tsuji's] physical problems." As the State points out in its brief on appeal, if Tsuji was suffering from a mental disease or defect, it would have been set forth in the PSI, and the fact that there is no such determination calls into question the legitimacy of Tsuji's latest claim that he is bipolar. Consequently, Tsuji's lack of psychiatric or mental health history supports both the conclusion that Tsuji was competent and the District Court's decision to deny defense counsel's motion for a continuance.

¶23 Furthermore, at the April 8, 2003 answer hearing, neither Tsuji nor his counsel questioned Tsuji's ability to understand the proceedings, to answer the probation violation allegations, or to assist in defending the revocation. Tsuji's rational behavior at this hearing and his responses to the District Court's questions demonstrates that he had a rational and factual understanding of the proceedings and refutes his claim that he might have been incompetent at the time of the hearing.

¶24 In requesting a continuance of the August 5, 2003 hearing, defense counsel failed to present to the District Court any prior mental health records or reports that would support counsel's claim that Tsuji might be incompetent. In addition, defense counsel failed to point

8

out any of Tsuji's past statements or conduct that would support counsel's claim that Tsuji is bipolar and requires a mental evaluation.

¶25 Nevertheless, Tsuji argues that once defense counsel raised the issue of Tsuji's competency, the District Court should have granted the continuance, because § 46-14-202(1), MCA, requires a district court to automatically order a defendant's examination. However, the statutory procedures set forth in § 46-14-202(1), MCA, apply when an issue is raised regarding a defendant's competency to stand trial. *See State v. Bartlett* (1995), 271 Mont. 429, 433-34, 898 P.2d 98, 100-01. A revocation hearing is not a criminal trial but a civil proceeding. *State v. Finley*, 2003 MT 239, ¶ 29, 317 Mont. 268, ¶ 29, 77 P.3d 193, ¶ 29 (citation omitted).

¶26 Under the particular facts in this case, a mental health evaluation would not have changed the outcome of the District Court's disposition. In light of Tsuji's poor probation record, the court had no choice but to sentence him to either the DOC or to prison. The District Court chose the DOC and, as the State points out, if Tsuji is bipolar, the DOC can provide him with the necessary treatment or placement to address that disorder.

¶27 Accordingly, in light of the record in this case, we hold that the District Court did not abuse its discretion when it refused to allow defense counsel additional time to present evidence regarding Tsuji's mental health.

¶28 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JOHN WARNER