DA 18-0087

FILED

06/02/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0087

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 145N

CITY OF GREAT FALLS,

        Plaintiff and Appellee,

    v.

ELEANOR A. LAMERE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 17-007
Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad Wright, Appellate Defender, Danny Tenenbaum, Assistant Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Michael P. Dougherty, Assistant Attorney General, Helena, Montana

            Neil Anthon, Chief Prosecutor, City of Great Falls, Great Falls, Montana

Submitted on Briefs:  May 13, 2020

Decided:  June 2, 2020

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Eleanor A. Lamere (Lamere) appeals her conviction of Partner or Family Assault, First Offense (PFMA), following a bench trial in the Great Falls Municipal Court, Hon. Steve Bolstad, presiding. Lamere appealed to the Eighth Judicial District Court, Hon. John Kutzman, presiding, which entered an extensive order in review of the proceeding and affirmed the conviction. Lamere challenges the Municipal Court's ruling on her motion related to a determination of her fitness to proceed, and the sufficiency of the evidence presented by the City of Great Falls (City) in support of the charge.

¶3 On May 29, 2016, the City charged Lamere with PFMA for allegedly causing reasonable apprehension of bodily injury to her husband, Kenneth Lamere, during an incident for which law enforcement was called and responded to the family home. Lamere was released on her own recognizance, and after the Municipal Court granted her counsel's motion for continuance to accommodate his schedule, trial was reset for October 27, 2016. When Lamere failed to appear for her jury confirmation hearing, the court reset the matter for a bench trial.

¶4     On October 26, 2016, a day before trial, Lamere's counsel moved to suspend the proceeding "to obtain a mental health evaluation of Defendant to determine fitness to proceed or a possible mental disease or defect defense." Alternatively, Lamere's counsel moved for issuance of a warrant of arrest for Lamere in the event she did not appear for trial "to bring her before the Court so that a mental health evaluation can be performed." Lamere did not appear at trial the next day. Her counsel indicated he had spoken to Lamere, who remained on the Rocky Boy Reservation, and moved for a continuance to permit Lamere's mental health to be evaluated. Lamere's counsel cited Lamere's history of hallucinations, but acknowledged he could not be sure this condition was not caused by substance abuse. The City offered its position that the condition was chemically induced. Lamere's counsel explained that he did not have access to Lamere's medical records. The Municipal Court denied the motion for a stay, but granted the motion for a continuance to allow Lamere to obtain an evaluation, and reset the trial for November 23, 2016. Concerned about the timing of Lamere's counsel's requests, the court admonished counsel to "put this on your front burner and get this [mental health evaluation] taken care of so this action can be dealt with soon and put to bed."

¶5     On November 18, 2016, Lamere's counsel again moved to continue the trial, explaining that, "due to complications with [Lamere's] housing situation she was not able to attend" the scheduled evaluation. He asked that the trial again be continued to accommodate rescheduling of the evaluation. The Municipal Court denied the request in a written order. On November 23, Lamere did not appear for trial. Her counsel renewed

3

his previous motion to suspend the proceeding. He explained that Lamere had refused to give him a release to obtain her medical records, and there was an "allegation" of alcohol use that may have contributed to her being "kicked out" of the shelter where she was residing, but that he had spoken with Lamere and felt her mental health may also have contributed to her failing to attend the evaluation.[1] After conferring with Kenneth Lamere, who was also in the courtroom, the City prosecutor offered that Lamere had recently attended a dissolution hearing in the District Court. The Municipal Court mentioned this, and then denied the motion, further reasoning:

> *I continued this on the grounds so she could get an evaluation.* She knew of the evaluation. She did not show up. Counsel had known her whereabouts — is not revealing. *I find that her absence here is voluntary* and therefore we are going to proceed to trial in absentia [(emphasis added)].

The Municipal Court then conducted the trial in Lamere's absence. Lamere moved for a directed verdict at the close of the City's case. The court denied the request and found Lamere guilty of PFMA upon oral findings of fact and conclusions of law. The court found that Kenneth Lamere's testimony about the incident "was genuine."

¶6 Lamere appealed to the District Court, raising two issues: 1) the Municipal Court had erred by failing to suspend the proceeding for a determination of Lamere's fitness to proceed; and 2) the Municipal Court had erred by denying Lamere's motion for a directed verdict because the City had failed to prove that she had caused Kenneth Lamere reasonable

---

[1] Lamere's counsel did not request an order requiring release of Lamere's medical records pursuant to § 50-16-535(1)(c), MCA.

apprehension of bodily injury. However, in her reply brief after the City had responded, Lamere expanded on her argument on the first issue by citation to *State v. Bartlett*, 271 Mont. 429, 432, 898 P.2d 98, 101 (1995), for the proposition that the Municipal Court had erred by failing to initiate a judicial order for a mental health evaluation. The District Court rejected both arguments on the fitness issue, reasoning that Lamere "relies on these authorities to try to evade the consequences of representing to Judge Bolstad that counsel was arranging the evaluation and her own failure to show for that evaluation. In effect, she now insinuates that everything that happened after October 27 is Judge Bolstad's fault because he did not order the evaluation no one asked him to order." The District Court also analyzed constitutional due process, concluding that Lamere's counsel's expressed doubts about Lamere's fitness to proceed did not constitute a sufficient basis to require the Municipal Court to initiate a *sua sponte* evaluation of Lamere's fitness under § 46-14-202(1), MCA. Regarding Lamere's challenge to the sufficiency of the evidence, the District Court noted the Municipal Court's finding that Kenneth Lamere was a credible witness, and reasoned that his testimony was "sufficient to prove the allegedly deficient element of reasonable apprehension. The Court accordingly rejects Ms. Lamere's sufficiency of the evidence argument."

¶7 Lamere appeals, raising the same issues. "On [] appeal from the Municipal Court, the District Court function[s] as an intermediate appellate court. *See* §§ 3-5-303 and 3-6-110, MCA." *City of Bozeman v. Lehrer*, 2020 MT 55, ¶ 6, 399 Mont. 166, 459 P.3d 850 (citing *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461).

Upon subsequent appeal to this Court, this Court reviews the case "as if the appeal originally had been filed in this Court." *Lehrer*, ¶ 6 (citation omitted). "The interpretation of a statute is a question of law that is reviewed for correctness." *Sheehy v. Comm'r of Political Practices for Mont.*, 2020 MT 37, ¶ 10, 399 Mont. 26, 458 P.3d 309 (citation omitted). "We review questions on the sufficiency of the evidence in a criminal case to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Polak*, 2018 MT 174, ¶ 34, 392 Mont. 90, 422 P.3d 112. Our review is *de novo*. *Polak*, ¶ 14.

¶8 Lamere argues the Municipal Court's decision to proceed to trial without a professional evaluation of Lamere's fitness to proceed violated § 46-14-202(1), MCA, because once the issue of her fitness "was raised," the court was required to appoint a professional person to examine her and report on her mental condition, from which the court would then make a fitness determination. However, Lamere's argument fails to acknowledge the manner in which the issue was raised. Lamere did not request the Municipal Court to order her to undergo an evaluation. Rather, she asked for the proceeding to be stayed or, alternatively, for the trial to be continued to permit her to obtain her own evaluation. An initial continuance for this purpose was granted by the Municipal Court. However, no showing of any kind was made to the Municipal Court in support of an ordered evaluation, and as the District Court concluded, there was an insufficient basis before the Municipal Court for issuance of a *sua sponte* evaluation order under

6

§ 46-14-202(1), MCA. The Municipal Court heard only the contrasting theories of the parties that Lamere suffered hallucinations that were caused either by chemical abuse or a mental condition, and a report that Lamere had recently attended a dissolution hearing. The Municipal Court lacked the record to even conclude that the failure of Lamere's evaluation to occur "was the result of the mental disease or disorder" under which Lamere may have suffered. Section 46-14-206(2), MCA. It is possible that Lamere's trial counsel wanted to obtain an evaluation for Lamere, but deliberately did not want the evaluation to be required by a court order. In any event, a court is not required to order an evaluation merely because defense counsel previously sought leave to obtain one. *See State v. Campbell*, 278 Mont. 236, 252, 924 P.2d 1304, 1314 (1996). The Municipal Court found Lamere's absence to be a voluntary act and proceeded to trial, and we conclude there was no error in doing so under these circumstances.

¶9 The District Court, acting as an intermediate appellate court, reviewed the evidence presented in support of the charge, particularly, the element of reasonable apprehension of bodily injury, reasoning:

> Mr. Lamere testified that Ms. Lamere had threatened him in the past. He said he had been concerned about it for a year. He said she also threatened him that night. He said she kicked and beat his bedroom door hard enough to break the hinge. He said he had to physically hold the door shut. He said she hit the sink outside his room with a bat. He said he was afraid because "bats hurt when they hit bodies."

We also note the record indicates that Mr. Lamere heard the distinctive "pinging" sound of the aluminum bat the parties owned, and which police recovered, that Lamere was verbally

7

threatening physical harm to him, that he called for his son to call police during the incident, and that he testified he feared for his physical safety. We conclude the Municipal Court did not err in denying Lamere's motion for directed verdict, and that the guilty verdict was supported by substantial evidence.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents questions controlled by settled law or by the clear application of applicable standards of review.

¶11    Affirmed.


/S/ JIM RICE


We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON